*New-Haven,*
November,
1814.

Townsend
*v.*
Bush.

</div>

---

The inhabitants of the towns of WINDSOR and SUFFIELD *against* FIELD and others :

### IN ERROR.

| 1 | 279 |
|----|----|
| 69 | 40 |

THIS was a petition to the county court of *Hartford* county, brought by the present defendants in error, praying for the appointment of a committee to view and lay out a public highway between two specified points, one in *Suffield,* was " very circuitous, hilly, and on bad ground," and that a new road might be laid out between the same *termini* " so as to greatly accommodate the public, with little expense to the town, or injury to private property ;" it was held to be sufficient, without alleging, that the highway prayed for " is wanting," or that it would be " of common convenience or necessity."

<div align="right">

A petition
to the county court for
a highway
stated, that
the old road
between certain *termini*

</div>

A committee appointed by the county court to lay out a highway stated in their report, that " the agent of the town, [through which the road was laid out,] the petitioners, and the proprietors of the land being legally notified," they met on a certain day, when, " being met by all concerned," they completed the business of their appointment ; and it appeared from the record, that before the court " the parties were fully heard as to the acceptance of the report," no exception being taken for want of sufficient notice ; it was held that the requirements of the statute with regard to notice were substantially complied with.

A town made a party to a petition for a highway, but not appearing, in which no part of the road prayed for is laid out, is not entitled to notice of the meeting of the committee. At any rate, no advantage can be taken of the want of such notice by another town through which the road runs.

In the report of the committee, the *termini* of the road, and the intermediate courses and distances on each person's land, with the names of the several owners of the soil, and the quantity of land belonging to each subjected to the easement, being precisely stated ; it was held that this description fixed the limits of the highway with sufficient certainty.

In an application to the county court for a highway, a finding by the court, on a hearing before themselves, without sending out a committee, that the road prayed for *is of common convenience and necessity,* is regular and sufficient.

The committee, in laying out a highway, reserved to certain individuals the right of altering and repairing their mill-dam and flue when necessary, such reservation not appearing to be inconsistent with the public easement ; this was held to be correct.

The committee in assessing damages, are not restricted, in all cases, to the *actual owners* of the land on which the road is laid out.

The appropriate remedy for persons aggrieved by the doings of the committee, either in laying out the highway, or assessing the damages, is by application to the county court before the report of the committee is accepted.

Windsor
*v.*
Field.

the other in *Windsor*, to ascertain the place and course of such highway, and to estimate the damage done to any particular persons by laying out the same.

The petition stated, " That the present travelled road leading from the oil-mill bridge in *Suffield* southerly through *Pine-Meadow*, and uniting with the road leading from the town of *Windsor* to *Suffield* near the house of *Phinehas Picket* in *Windsor*, is very circuitous, hilly, and on bad ground ; and that a road may be laid out from the road near the house of *John Morron*, jun. in *Suffield*, leaving the present travelled road near said *Morron's* house, and running east of the old road aforesaid, near the margin of *Connecticut* river, and to unite with the old road in *Windsor* near the house formerly occupied by *Bildad Phelps*, so as greatly to accommodate the public, with little expense to the towns, or injury to private property."

There was a citation to the inhabitants of the towns of *Suffield* and *Windsor*, which was duly served ; and the petition was returned to the *December* session 1811. The town of *Suffield* made default of appearance ; but the town of *Windsor* appeared by their agent. The court, on a hearing, found the facts stated in the petition to be true ; adjudged that the road prayed for was of common convenience and necessity ; and appointed a committee of three disinterested freeholders to view and lay out a highway from one of the points specified in the petition to the other, with directions to estimate the damages done to individuals, and to make report of their doings to some future session.

In *December* 1812, the committee reported as follows : " That pursuant to our appointment, the agent from the town of *Windsor*, the petitioners and the owners of lands being legally notified, on the 1st day of *August* 1812, we met at the house of *Phinehas Picket* in said *Windsor*, at 10 o'clock, A. M., and thence proceeded to view the ground on which to lay the road, but the petitioners not meeting us, we adjourned to the 31st day of *August*, when two of the committee met, but the ill health of the other preventing his attendance, we adjourned again to the 14th day of *September*, when being met by all concerned, after hearing such observations as they thought proper to make, on the 14th and 15th of *September* we completed viewing, and laid out the highway as follows, attended by Mr. *William Olmsted*, county surveyor for the

county of *Hartford*, and chainmen under oath, *viz.* beginning

on the east side of the old road between the house formerly occupied by *Bildad Phelps* and the house of *Ezra Hayden*, at 110 links north of the north end of said *Hayden's* house, we ran north 13° 40′ east, 249 links, on *Ezra Hayden's* land" &c. [specifying the courses, distances, and owners of the land] " to *Suffield* line, near the centre of the old road in front of the house of *John Morron*, jun. This line is the centre of the road which runs across the mill-dam of *Haskell* and *Dexter*. We then proceeded to assess the damages to individual proprietors of the lands taken for the road, reserving to said *Haskell* and *Dexter* the right of altering and repairing their mill-dam and flue, when necessary." A schedule was annexed to the report, containing the quantity of land taken from, and the damages assessed to, individuals ; among whom were the following persons, with the quantities and sums placed against their names respectively, over no part of whose lands did it appear from the report that the road was laid, *viz.*

|  | Land. | | | Damages. |
|---|---|---|---|---|
| *Edmond Chapman,* | 0 *A.* | 2 *R.* | 23 *R.* | $ 21 ,, |
| *Elizabeth Allyn,* jun., | 0 | 1 | 7 | 9 60 |
| *Haskell & Dexter,* | 0 | 1 | 23 | 24 ,, |

And the schedule omitted the name of *Edward Chapman*, over whose land the road was laid.

The parties having been fully heard as to the acceptance of the report, the court accepted the same, and established the highway as laid out by the committee. The respondents thereupon brought a writ of error to the superior court, who affirmed the judgment of the county court ; and to reverse that judgment the present writ of error was brought, assigning several errors.

*Dwight* for the plantiffs in error.

*T. S. Williams* for the defendants in error.

**Edmond, J.** The first cause of error assigned is, That the petition of the petitioners is insufficient in law to warrant the county court in rendering final judgment in the cause ; that the superior court ought to have adjudged the same to be insufficient ; and that the proceedings of the county court were erroneous.

*New-Haven,*
November,
1814.

Windsor
*v.*
Field.

It was decided by this Court, in the case of *Lockwood* v. *Gregory*, 4 *Day's Ca.* 415. that in an application to the county court for a new highway, a *specific allegation* that the road prayed for would be of *common convenience and necessity*, is not necessary; that if the application state such facts as, if true, would induce the inference that such is the case, it is sufficient. Tested by this rule, there can be little doubt of the sufficiency of this petition. The application here states, that " *the present travelled road leading &c. is very circuitous, hilly and on bad ground.*" Assume this as a fact, and the inference is fair, that a new highway " *is wanting.*" It further states, that " a road may be laid out leading from, &c. so as greatly to accommodate the public, with little expense to the town or injury to private property." If this be so, that an alteration would be of " common convenience" is with equal justice inferable.

2. It is assigned as cause of error, that by the record, it does not appear that the committee notified one or more of the select-men of the town of *Suffield*, and of the town of *Windsor*, or the owners of the land, and others concerned, of the time, place and occasion of their meeting in the manner which the statute directs.

The statute (*Tit.* 86. *c.* 1. *s.* 11.) directs the committee to give seasonable notice to one or more of the select-men of the town *in which the highway is to be laid out;* and also to set up a notification in writing on the sign-post in such town or towns at least twenty days before they enter on said service, thereby notifying the owners of the land and others concerned, of the time, place and occasion of their meeting. That such notice ought to be given, unless the concerned agree otherwise, will not admit of a doubt. Where notice in the manner prescribed is given, or other notice is accepted by all the parties, the statute requirement is substantially complied with, whether the fact of notice appears by the record or not. The *form of the committee's return* in respect to their having given notice is not pointed out by the law. They are not bound, nor is it necessary they should be, to state in their report, in the precise words of the statute, that they gave the notice required. Sufficient is it, until the contrary is shewn, if from the tenor of their report the requirements of the statute appear with certainty to a common intent to have been fairly complied with. The committee after counting on

*New-Haven,*
November,
1814.

Windsor
*v.*
Field.

their appointment by the court, in their report say, " pursuant to said appointment, the agent from the town of *Windsor,* the petitioners and the proprietors of the land, being legally notified, on the first day of *August* 1812, we met, &c. but the petitioners not meeting us, we adjourned to the 31st of *August.*" From that time it appears another adjournment took place to the 14th of *September,* "when," (say the committee in their report) " *being met by all concerned,* after hearing such observations as they thought proper to make, on the 14th and 15th of *September,* we completed viewing, and laid out the high way as follows," &c.

It further appears from the record in this case, that before the court " the parties were fully heard as to the acceptance of the report ;" and notwithstanding the parties had such a hearing, it does not appear from the record, that any exception was taken to the manner, or for the want of that notice which the law requires. From these facts, I apprehend, it may well be presumed, that all the parties concerned, and whose rights are affected by the judgment, had legal notice, or voluntarily waived all exception for insufficiency of the notice given. That one or more of the select-men of *Suffield* was not notified by the committee, was admitted in the argument. This can make no difference in the case. One or more of the select-men of the town or towns (only) in which the highway is to be laid out, is by law to be notified. No part of the road in this case appears to have been laid out on lands in *Suffield.* No judgment has been rendered against them. The interests of the towns of *Windsor* and *Suffield* are distinct and separate ; and the want of notice to *Suffield* (had it been necessary) is not a sufficient reason for the reversal of a judgment affecting the rights of *Windsor* alone.

3. It is assigned for error, That by the record it appears that the committee have not fixed any limits to the highway, or determined its breadth.

In the report of the committee, the place where the road shall commence, the courses and distances on each person's land, with the names of the several owners of the soil where the road passes, and the quantity of land belonging to each subjected to the easement, are precisely given, together with the place where the road terminates. This description limits the length and breadth of the highway with sufficient certainty.

*New-Haven,*
*November,*
*1814.*

Windsor
*v.*
Field.

4. It is further assigned for cause of error, That it does not appear by the record that the county court inquired by a disinterested committee into the convenience or necessity of the highway, or that the same was found by the committee or court to be of common convenience and necessity. It is not necessary that the county court should enquire by a disinterested committee into the convenience and necessity of a new highway. The words of the statute are in the alternative, " by a disinterested committee, *or otherwise.*" In the record, it is expressly stated, " that the town of *Suffield* made default of appearance, and the town of *Windsor* appeared by their agent ; and " the court having enquired into the facts stated in the petition, do find them to be true, and do adjudge the road proposed in said petition to be of common convenience and necessity."

5. The plaintiffs in error further complain, that it appears by the record that in laying out the highway the committee have reserved rights and privileges to the owners of the land through which the same is laid.

The only right or privilege reserved by the committee, as appears by the record, is to *Haskell* and *Dexter ;* and that is only the right of altering and repairing their mill-dam and flue when necessary. The committee were bound by their oath to perform the service assigned them " according to their best skill and judgment, with most convenience to the public, and *least damage to private property.*" If consistent with the public easement or right of way, therefore, and nothing appears to the contrary, the leaving *Haskell* and *Dexter* to enjoy the right of repairing their mill-dam and flue when necessary, without being chargeable in such case with erecting a nuisance, was not only warrantable, but a duty.

6. It is also assigned for error, That by the record it appears that the committee have assessed damages to *other persons* than the owners of the land through which the highway is laid out, and have neglected to assess damages to the owners of land over which they laid out the highway.

The committee are not restricted to the *actual owners* in the assessment of damages in every case. They are to estimate the damage done to any particular person. Their best skill and judgment are to be exercised. If, however, any person is aggrieved by the doings of the committee, either in

laying out the highway, or estimating the damages, the proper remedy is by application to the county court before the report of the committee is accepted. (§ 12.)

For these reasons, I am of opinion that in the judgment complained of, there is nothing erroneous.

*New-Haven,*
November,
1814.

Windsor
*v.*
Field.

In this opinion the other Judges severally concurred.

Judgment affirmed.