WATERBURY and others *against* The town of DARIEN.

In a petition to the county court for a highway from place to place within the same town, an averment that the select-men of that town neglected and refused to lay out such highway, is indispensable to give jurisdiction to the court.

And if a judgment on such petition, in favour of the petitioners, be reversed, for such defect, on error in the superior court, the cause will not be remanded.

THIS was a petition to the county court, brought by *Waterbury* and others, against the town of *Darien*, stating, that public convenience and necessity require, that a new highway should be laid out in said town, leading from the *South* end of *Hoyt* street, running in a *South-Easterly* direction, through

certain lands particularly described, a distance of 247 rods, to intersect the *Hollow-tree* ridge road near the dwelling-house of *A. Waterbury*, in said *Darien;* shewing the nature of the ground, the expense of constructing the road, and the distance to be saved thereby in the travel and transportation ; shewing also, that there is, at present, no public road leading from said *Hoyt* street to the public landing in said *Darien*, except those passing over steep and long hills ; and praying for a committee. A committee were appointed, who laid out the road prayed for, and made their report to the county court. Against the acceptance of this report, the respondents remonstrated, on several grounds, of which the principal one was the insufficiency of the petition. The petitioners demurred to the remonstrance ; and the court adjudged it insufficient, and accepted the report. The respondents then brought a writ of error in the superior court, assigning the general error. The superior court adjudged, that there was manifest error, and that " said judgment and decree of the county court, with all the proceedings thereon, be reversed, set aside and made null and void." To reverse the latter judgment the petitioners brought the present writ of error, assigning the general error, and that said judgment reverses the decree of the county court and annuls all proceedings had in the cause before that court, whereas the cause ought to have been remanded to said court to be proceeded with according to law, if there was error in its judgment.

*N. Smith* and *Betts*, for the plaintiffs in error, contended, 1. That the petition was sufficient. In the first place, the averment, that the select-men have neglected or refused to lay out the highway prayed for, is not necessary ; it being matter of defence, if they have laid out such highway. But secondly, if the averment of such neglect or refusal is necessary, the matters stated in the petition, by a reasonable construction, are equivalent to such averment.

2. That if the petition is insufficient, the judgment of the superior court is erroneous in annulling *all* proceedings of the county court. The *erroneous* proceedings only should have been annulled ; and the cause should have been remanded to the county court, to be proceeded with according to law. *Stat.* 54, 5. *tit.* 2. *sect.* 70.

---

*Fairfield,*
June, 1830.

Waterbury
*v.*
Darien.

*Sherman* and *Hawley,* for the defendants in error, insisted, That the county court has *no jurisdiction* of an application for a highway wholly within the limits of a town, unless the select-men of that town have been applied to, and have neglected or refused to lay it out. *Stat.* 269, *tit.* 48. *sect.* 12. And there must be an averment of such neglect or refusal, to shew that the court has jurisdiction. 1 *Chitt. Plead.* 498. *Bac. Abr. tit.* Pleas &c. E. 1. *tit.* Courts. D. 3. 4. If, in this case, the court had no jurisdiction, it follows of course, that *all* the proceedings are void. There was nothing to be remanded.

PETERS, J. It is provided by statute, that select-men may (at their discretion) lay out such public highways as they shall judge needful within their respective towns. *Stat.* 268. *tit.* 48. *sect.* 11. By the 12th section of the same statute, it is further provided, that when any new highway or common road from town to town, or place to place within the same town, where the select-men of that town neglect or refuse to lay out the same, shall be wanting, any person may apply to the county court for relief. This statute gives the select-men *original,* and the county court *appellate,* jurisdiction. But it does not appear, that application was ever made to the select-men to lay out the road in question, or that they neglected or refused to lay out the same. The application to the county court, for want of such an averment, was *coram non judice,* and therefore void.

But it is said, that the superior court ought to have remanded the cause to the county court, to be proceeded with according to law. *Stat.* 54, 5. *tit.* 2. *sect.* 70. Such a procedure would have been utterly void ; as no court can take cognizance of a cause whereof it has not jurisdiction.

I am, therefore, of opinion, that there is no error in the judgment complained of.

The other Judges were of the same opinion, except BISSELL, J. who gave no opinion.

Judgment affirmed.