TREAT and others *against* The inhabitants of the town of
MIDDLETOWN :

### IN ERROR.

In a petition to the county court for a highway from one point to another
within the same town ; an averment that the select-men of that town
neglected and refused to lay out such highway, is indispensable to
give jurisdiction to the court.

And the want of such averment may be taken advantage of, after default
of the respondents, and the appointment and report of a committee,
on the remonstrance of a person aggrieved by the laying out of the
road.

An averment that the select-men have neglected and refused to pay the
damages assessed on a highway laid out by them, and have also neg-
lected and refused to open such highway, is not equivalent to an aver-
ment that they have neglected and refused to lay it out.

If the select-men of a town neglect and refuse to pay the damages as-
sessed on a high-way laid out by them, or their predecessors, and to
open such highway, a *mandamus* will lie to compel them to perform
this duty.

THIS was a petition for a highway within the limits of the
town of *Middletown.* After describing the course and *termini*
of the proposed road, the petition stated, that such road " would
greatly accommodate the public travel, and be of common con-
venience and necessity ; that about three years since, on the
application of many of the inhabitants of said town, the select-
men surveyed a highway at or near the place above described,
and laid a survey thereof in writing before the inhabitants of
said town, at a lawful town meeting ; that said survey was ac-
cepted, by the town, and recorded ; but the select-men have
ever since neglected and refused, and still neglect and refuse, to
make satisfaction, as required by law, to the persons damnified
by the laying out of said highway ; and they also neglect and
refuse to open the same, although the time for that purpose pre-
scribed by law, has long since elapsed." The petitioners, there-
fore, prayed for a committee, &c. The town suffered a de-

fault ; and a committee were appointed, who found the road to be of common convenience and necessity, and laid it out. *Julius Fowler*, through whose land the road was laid out, remonstrated against the acceptance of the report, on the ground that the court had no jurisdiction, it not being shewn, that the select-men had neglected and refused to lay out the road. That remonstrance was adjudged sufficient, and the petition dismissed. On a writ of error in the superior court, the judgment of the county court was affirmed. By motion in error, the petitioners then brought the case before this Court for revision.

*Stanley*, for the plaintiffs in error, contended, 1. That the same strictness is not required in an application to the county court for a highway, and in the subsequent proceedings, as in suits at law. No precise averment is necessary ; but it is sufficient, if such facts are shewn, as induce an inference of the facts necessary to sustain the jurisdiction of the court. *Lockwood* & al. v. *Gregory* & al. 4 *Day* 407. 415, 6. *Windsor* & al. v. *Field* & al. 1 *Conn. Rep.* 279. 282, 3. *Stat.* 268, 9. *tit.* 48. *s.* 11. 12.

2. That in this petition, there is enough stated to shew a neglect and refusal of the select-men to lay out the road. It is stated, that the select-men have neglected and refused to pay the damages assessed and to open the road : of course, there is no highway here. The public have no access to it, and no right to travel on it. There is nothing which answers the purpose of a highway. The select-men have neglected and refused to do that which is essential to constitute a highway. They have, therefore, neglected and refused to lay out a highway.

3. That the remonstrant has no right to take this exception. His right is restricted to the *report.* He is no party to the petition, and can raise no question as to the antecedent proceedings, in which the petitioners and the town are the only parties. Having nothing to do with the petition, he is not aggrieved, by any defect in it.

4. That the defect has been waived, by the respondents, by their default.

*Barnes*, contra, insisted, That the court can never take jurisdiction by implication ; but that whatever fact, or state of facts, is necessary to bring the case within the cognizance of the court, such fact or facts must be explicitly averred ; oth-

erwise, the proceeding is *coram non judice*. [Upon an intimation from the Court, that this principle had been recently recognized, as applicable to a petition for a highway within the limits of a town, and in relation to the averment in question, in the case of *Waterbury* v. *Darien*, ante 162. he observed, that this case must obviously be governed by that decision, and declined further argument.]

WILLIAMS, J. By our statute, it is made the duty of the county court to lay out roads, which pass in or through more than one town ; but where the road proposed, lies all in one town, the select-men of that town, with the appprobation of the town, are to lay it out. And this is, certainly, very proper. Every town is supposed to be well acquainted with its own wants and necessities, and the wishes, the feelings, and the interest of the inhabitants, and competent to direct when and how this business should be done, in such a manner as will best accommodate the inhabitants of the town, and also the public at large. But as local interests or prejudices might sometimes prevail over the public good, a revising or superintending power was wisely given to the county courts ; so that when the select-men refuse or neglect to lay out roads in their towns, which public convenience demands, the county court may do it. *Stat.* 269. *tit.* 48. *s.* 12. And it has been recently decided, in the case of *Waterbury* v. *The Town of Darien*, ante 162. that the fact that the select-men neglect and refuse to lay out the road, must be stated in the petition.

The question then, is, is this shewn in the present petition ? That the cause was defaulted, can make no difference, if an essential allegation is omitted. Perhaps, the very reason that the default was suffered, was, that the respondents were of opinion, that the court could not take cognizance of the cause.

It is said, that a petition of this kind is not subject to the strict rules which regulate pleadings. Great indulgencies have certainly been allowed in cases of this description ; but in all cases there must be enough shewn to give jurisdiction to the court. Is that done here ? Does it any where appear, that the select-men have neglected and refused to lay out this road ?

The petitioners have stated the facts, on which they rely. And supposing, that instead of stating directly the fact, that the select-men have neglected and refused to lay out the road, they might be permitted to state merely the *evidence*, by which

*Middlesex,*
*July,* 1830.

*Treat*
*v.*
*Middletown* .

they meant to prove that fact; have they done even this? In other words, do the facts stated shew, that the select-men have refused and neglected to lay out the way? So far from it, the facts stated shew, that the select-men have actually laid out and surveyed a road near the one proposed; that it has been laid before the town; and has been accepted and recorded. But they have not paid the owners of the land; and so have not opened the road.

It is not claimed, that this road, if opened and wrought, will not answer all the public exigencies, though it is not on the precise ground the petitioners speak of.

But it is said, that although the statute may be literally complied with, it is not substantially; and if the select-men stop here, the whole object of the statute may be defeated; for the public are not accommodated until the road is made, as well as laid out and opened. It will hardly be contended, that the latter fact would authorize the county court to lay out another road; and yet the public are no better accommodated, by a road unsuitable to travel upon, than by a road which is not open.

It is said, however, that upon proper application, the county court can compel towns to make a road which is open, but no provision is made to compel them to open one. If this be so, then there is weight in the argument, that laying out a road is not enough, but it must be laid out and opened. But is it so, that when the competent authority has decided, that a road is necessary; when it has been actually laid out; the damages have been assessed; and the doings have been approved and recorded; that because certain officers of the town neglect to perform a mere executive duty necessary to complete it, there is no way to compel them, merely because there is not in the statute a power given to the county court to compel these select-men to open this road? I do not think that it follows, that no power exists any where; or that two or three individuals may thus nullify the proceedings of their predecessors, founded upon the laws of the state, and sanctioned by the town.

The common law has provided a writ to prevent a failure of justice, where there is no established specific remedy, and where in justice and good government there ought to be one. A *mandamus* lies to compel any person, corporation or inferior court to do a particular act, which they neglect. 3 *Bla. Comm.* 110. It was, says Lord *Mansfield*, introduced to prevent a failure of justice and a defect of police. *Rex* v. *Barber*, 3

*Burr.* 1267.  *Rex* v. *Wheeler, Ca. temp. Hardw.* 99.  And whenever a statute directs something to be done, the court will enforce the doing of it, by *mandamus.*    *Rex.* v. *Everet, Ca. temp. Hardw.* 261.  In *England,* this writ may reach a judge on the bench, and direct him to enter up a judgment, as well as a church-warden, who refuses to admit a sexton.    *Brooke* v. *Ewers* & ux. 1 *Stra.* 113.    *Ile's* case, 1 *Vent.* 143.  And in our country, it may enter the bureau of the secretary of state, as well as the more humble office of a town-clerk, or that of the trustees of an academy.    *Marbury* v. *Madison,* 1 *Cranch* 171. *Strong's* case, *Kirby* 345.    *Fuller* v. *Trustees of the Academic School in Plainfield,* 6 *Conn. Rep.* 532.

The law, then, is not liable to this reproach.    The remedy by *mandamus* is peculiarly appropriate.    The way laid out can be opened.    With what propriety, then, can the county court be called upon to interfere?    The select-men have not refused to lay out the road, but have actually done it, though they have, until the date of this petition, neglected to open it.    The petition is in fact brought, because they have not opened the road; and, in my judgment, it might as well have been brought, because after having opened it, they neglected to labour upon it.

I think, therefore, that the courts below were correct in dismissing this application; and that there is no error in the judgment complained of.

PETERS, DAGGETT and BISSELL, Js., were of the same opinion.

HOSMER, Ch. J., being interested, gave no opinion.

Judgment affirmed.