The town of PLAINFIELD *against* PACKER and others:

IN ERROR.

In an application to the county court for a highway pursuant to the statute on that subject, it is not necessary to allege, in the precise words of the statute, that the highway prayed for would be "of common convenience and necessity;" but it is sufficient if the facts stated induce such an inference.

Therefore, where the petition stated, that in the opinion of the petitioners common convenience and necessity required, that a new highway should be laid out from one place to another, and that by the making of the new road, the distance between those places would be much lessened, and it would not only be a saving of travel for the people residing in the immediate neighbourhood, but would much facilitate the long travel; it was held, that these allegations were sufficient to justify the inference, that the road prayed for would be of common convenience and necessity, and to authorize the county court to sustain jurisdiction of the application.

On an application for a highway from place to place within the same town, the town, and not the select-men, is the party in interest, and the proper party to be cited to appear and defend; the citation being served upon one of the select-men.

Therefore where, on such application, a citation was issued to and served upon *N. F.*, one of the principal inhabitants, and one of the select-men of the town, and the rest of the inhabitants of that town; it was held, that the requirement of the statute on this subject was substantially complied with.

Where the individuals, through whose land the highway was laid, by the committee, obtained a reassessment of damages, by a jury, by whose verdict the assessment was increased in favour of some of those individuals; and the party opposing the laying-out of the highway offered testimony to show, that in view of such increased assessment of damages, the highway was not of common convenience and necessity; it was held, that such testimony was inadmissible.

On an application to the county court for a highway from place to place within the same town, it must not only be averred in the petition, that the select-men of that town neglected and refused to lay out such highway, but it must appear from the record, that such averment is true; otherwise, the proceeding is erroneous.

*Windham, July, 1836.*

*Plainfield v. Packer.*

THIS was a petition for a highway, brought by *Packer* and others against *Nathaniel French*, one of the principal inhabitants of the town of *Plainfield*, and one of the select-men of that town, and the rest of the inhabitants of said town.

The petitioners in their petition stated, that in their opinion, common convenience and necessity required, that a new highway or road should be laid from *Packersville* in *Canterbury*, to some point near the old village in the centre of the town of *Plainfield*; that by making such new road, the distance between said places would be very much lessened, and would not only make a saving of travel for the people residing in the immediate neighbourhood of those places, but would much facilitate the long travel, as it would shorten the distance from said *Plainfield* village to *Norwich* city, as well as many other places in the same direction; the select-men of said town of *Plainfield*, within the local limits of which said road is proposed to be laid, having neglected and refused to lay it out. On this application, the county court appointed a committee, to enquire into the convenience and necessity of the highway, as prayed for in said petition, and if they should be of opinion that the same would be of common convenience and necessity, to proceed to survey and lay out the same, and assess the damages which would thereby accrue to individuals. The committee laid out the highway and reported their doings to the

Windham,
July, 1836.

Plainfield
*v.*
Packer.

county court. Before the acceptance of the report, *Samuel Rockwell* and others, through whose land the committee had laid the highway, severally complained of the assessment of damages to them, and moved for a jury to reassess the damages sustained by them, by the laying-out of the highway. The court ordered a jury of six disinterested freeholders for this purpose, who, having heard the parties relative to said road, on examination thereof, allowed to one of the complainants the sum of 8 dollars, to another 10 dollars, and to a third 23 dollars, in addition to the sums previously assessed; and as to the other assessments, made no alteration. The court accepted the report of the jury and ordered it to be recorded. The court then accepted the report of the committee laying out the highway, and ordered it to be recorded, to the intent that said highway should be and remain an open and public highway.

After the return of the verdict of the jury increasing the damages assessed to the proprietors of the land over which the highway was laid out, the respondents to the petition offered testimony to prove, that in view of such increased assessment of damages, the highway was not of common convenience and necessity; and that the advantages resulting from it to the petitioners and the public, were not adequate to compensate for the expenses to which the town would be thereby subjected. To the introduction of this testimony, the petitioners objected; and the court, sustaining their objection, rejected it.

There was no finding of the court, that the select-men of the town of *Plainfield* had neglected or refused to lay out the highway prayed for.

The court ordered the costs of the petition, allowed and taxed at 110 dollars, 25 cents, to be paid by the town of *Plainfield,* and granted execution therefor.

The respondents thereupon brought a writ of error in the superior court; which was reserved for the advice of this court.

*Strong,* for the plaintiffs in error, contended, 1. That the judgment was erroneous, inasmuch as there is no allegation in the petition, that the highway prayed for is of common convenience and necessity.

2. That this highway is wholly within the town of *Plainfield;* but there is no averment of any notice or request of the

select-men to lay it out, nor any finding by the court of any neglect on their part.

3. That the select-men of the town should have been made the respondents, and not the town. *Pomfret* v. *Chandler*, in the superior court, *Windham* county, *October* term, 1824.

4. That the damages having been increased by the jury, the respondents should have been permitted to show, that in view of the increased damages, the road was not of common convenience and necessity. A new case was presented, in which, neither the court nor the committee have found, that the road should be established.

*Goddard* and *Johnson*, for the defendants in error.

WAITE, J.    1. It is claimed in this case, that the petition is insufficient, because there is no sufficient allegation, that the road prayed for, would be of common convenience and necessity.

It was decided, in the case of *Lockwood* v. *Gregory*, 4 *Day* 407. that in an application to the county court for a highway, that specific allegation was not necessary ; and that it was enough, that such facts were stated as would induce the inference, that the highway prayed for would be of common convenience and necessity.    The same doctrine was again recognized, in the case of the towns of *Windsor* and *Suffield* v. *Field* & al. 1 *Conn. Rep.* 279.    In this case, the petitioners state in their petition, that "in their opinion, common convenience and necessity require, that a new highway should be laid out from *Packersville* to the old village in the centre of the town of *Plainfield*," and aver, "that by making the new road, the distance between said places would be much lessened, and would not only make a saving of travel for the people residing in the immediate neighbourhood of the places, but would much facilitate the long travel."    These allegations, in our opinion, are sufficient to justify the inferrence, that the road prayed for would be of common convenience and necessity, and according to the authorities cited, authorized the county court to sustain jurisdiction of the application.

2. It is said, that the select-men, and not the inhabitants of the town of *Plainfield*, ought to have been made the defendants in the suit.    It is obvious from an examination of the

statute, that the town, and not the select-men, is the party in interest. *Stat.* 269. *tit.* 48. *s.* 12. It is true, the statute directs, that the persons applying for a highway shall "cause a citation to be served upon one or more of the select-men of the town to appear, if they see cause, at said court, and make their objections, if any they have, against such highway being laid out." This requirement has been substantially complied with, in the present case. The circumstance that all the inhabitants of the town, as well as one of the select-men, were cited to appear and defend, does not, in our opinion, vitiate the proceeding.

The select-men, in appearing and defending, act only as the agents of the town, and have no other interest in the suit than the rest of the inhabitants. The town is responsible for the consequences of laying out the highway. It is liable for the costs upon the petition, the damages assessed to the individuals over whose land the road is laid, and the expenses of making the road and keeping it in repair.

The legislature have empowered the select-men to lay out such highways, as they may judge needful; and have authorized an application to the county court only upon their neglect or refusal. Where such an application is made, although the select-men may be the most competent agents to defend, and one or more of them are to be cited for that purpose; yet there can be no impropriety in making the town, the only party in interest, a party to the proceeding.

3. The next inquiry is, whether, after the verdict of the jury re-assessing the damages had been returned and accepted, the county court erred in refusing to hear further testimony to prove, that in view of the increased assessment of damages, the highway was not of common convenience and necessity; and that the damages assessed by the jury were unreasonable. The manner in which it was the duty of the court to proceed in laying out the highway, is prescribed, by the statute. It provides, that upon the return of the report of the committee appointed to lay out the highway, "all persons interested, shall have liberty to appear, and remonstrate against the *acceptance of the report;* and if, upon a hearing of the objections, the court shall be of opinion, that it ought not to be accepted, they shall reject the same; but if the court shall be of opinion, that such report ought to be accepted, then,

before the acceptance thereof, if a jury be moved for to re-assess the damages, they shall order such jury. And the court, to which the doings of such jury are returned, shall have power to set the same aside, if, upon exception taken, it shall appear, that said jury have been improperly summoned, or conducted corruptly; otherwise, the doings of said jury shall be conclusive as to the assessment of the damages."

The enquiry respecting the convenience and necessity of the road, is, by the statute, to be made upon the return of the report of the committee; and the court is under no obligation to review that question afterwards. The proceedings relating to applications for highways are necessarily tedious and expensive; and neither the statute nor justice requires, that a question, which has been once heard and determined, by the court, should be again heard and determined in a subsequent stage of the proceedings. It was not claimed, that the jury had been improperly summoned, or had acted corruptly; and if no such objection existed, the statute is imperative, that their doings shall be conclusive.

4. But there is another objection, which, in our opinion, has not been answered, by the defendants in error. It does not appear from the record, in this case, that there was any finding by the county court, that the select-men had refused or neglected to lay out the highway prayed for. The statute authorizes an application to the county court for a new highway, only where the select-men *neglect* or *refuse* to lay out the same. It has been recently decided, by this court, that the averment of such neglect or refusal is indispensable, in such an application, to give the court jurisdiction. *Waterbury &* al. v. The town of *Darien,* 8 *Conn. Rep.* 162. *Treat* v. The inhabitants of *Middletown,* 8 *Conn. Rep.* 243. If such an averment is material and indispensable, it ought to appear from the record, that the averment is true. We discover nothing in the record before us, that will justify the inference, that such fact was found by the court. It is, indeed, averred in the petition; but it does not, in any manner, appear, that any enquiry was made respecting it, by the court, in any stage of its proceedings. The court had no authority to act in laying out the highway, unless upon proof of such neglect or refusal.

Upon this ground alone, we think the judgment of the

county court is erroneous; and the superior court must, therefore, be advised, that the judgment be reversed.

In this opinion the other Judges concurred.

Judgment to be reversed.