## The Town of SOUTHINGTON *against* CLARK and others :

### IN ERROR.

In the case of an application for a highway from place to place within the same town, it is not necessary for the court to find, as a preliminary to the appointment of a committee, that the select-men neglected and refused to lay out the highway ; but it is sufficient if this fact (being averred in the petition,) be found true, in any part of the proceeding, during its pendency. Therefore, where a petition for such highway averred, that the select-men had neglected and refused to lay it out ; the court appointed a committee, who laid it out, and made their report to a subsequent term ; after which, the court found the facts alleged in the petition, particularly that of neglect and refusal by the select-men, to be true, and thereupon accepted the report and established the highway ; it was held, that the jurisdiction of the court appeared on the record, and the proceeding was not erroneous.

In *March* 1836, *Joseph Clark* and others of *Southington,* and *Elisha A. Cowles* and others of *Meriden,* brought their petition to the county court holden at *Hartford,* on the fourth *Tuesday* of that month, for a highway in the town of *Southington,* stating that the road was of common convenience and necessity, and that the select-men had been applied to, and had neglected and refused to lay out the road. No objections being offered against this application, the court, at the term to which the petition was returned, appointed a committee to make enquiry, and if they should be of opinion that the proposed highway would be of public convenience and necessity, to survey and lay it out, assess damages &c., and make their report to the court, at some future session. On the 7th of *June* 1836, the committee met and attended to

the business of their appointment ; and, at the term of the county court in *August* 1836, they reported, that said road, in their opinion, was of common convenience and necessity. The town of *Southington* filed their remonstrance against the acceptance of the report, and were fully heard thereon. In *August* 1837, the court rendered judgment as follows : " This court was of opinion, that said report ought to be accepted; and *Stephen Walkley, Noah Gridley* and *Amos M. Newell* having applied for a jury to re-assess the damages by them sustained, by the laying out of said road, the same are ordered by said court ; and the jury summoned in said cause, having reported to this court, that they had reviewed the damages in favour of the aforesaid applicants, and assessed to *Stephen Walkley* 280 dollars, to *Noah Gridley* 131 dollars, 16 cents, to *Amos M. Newell* 135 dollars ; and said court, having accepted the report of the jury, on said several applications returned as aforesaid, doth now, at the *August* term of said court, to which said cause has come by legal removes, find the facts stated in the original petition to be true ; and that the select-men of said *Southington* did neglect and refuse to lay out said road ; and doth accept the report of the committee so made as aforesaid, and approve the same ; and doth order the same to be recorded ; and doth establish said highway, as set forth in the report of said committee, to be and remain a public highway ; and doth order the damages aforesaid to be paid, by the town of *Southington*, to the individuals respectively to whom they are assessed, on or before the 1st of *January* 1838, at which time said road shall be open for public travel ; and that said town of *Southington* pay to the petitioners the costs of this petition, taxed and allowed at the sum of 44 dollars, 33 cents ; also to *Stephen Walkley, Noah Gridley* and *Amos M. Newell*, the costs of their several applications as aforesaid, *viz.* 14 dollars, 25 cents, to each ; and that execution issue therefor accordingly ; and that said town of *Southington* also pay the expense of laying out said road."

The town of *Southington* thereupon brought a writ of error in the superior court, to reverse the judgment of the county court ; which was reserved for the advice of all the judges.

*Hartford,*
*June,* 1840.

Southington
*v.*
Clark.

*W. W. Ellsworth,* for the plaintiffs in error, contended, That as the county court did not find, that the select-men had neglected and refused to lay out the road previous to the appointment of the committee, the committee had no jurisdiction of the subject matter, and no authority to act. The county court itself is not authorized to lay out the highway ; but this power is vested exclusively in the committee. *Winchester* & al. v. *Hinsdale* & al. 12 *Conn. Rep.* 88. If *they* have not jurisdiction, no highway can be laid out. The finding of the court in *August* 1837, gave no authority to the committee to act *before* that time. This would be like qualifying a juror after verdict, or a witness after testifying. In *Huntington* v. *Birch* & al. 12 *Conn. Rep.* 143. the court assumed it as an undoubted principle, that it must appear from the record that the oath prescribed by law was taken by the committee *before* they entered on the duties of their appointment. Consistently with this record the select-men might not have neglected and refused until after the committee made their report. The record only shews that when the judgment of the court was entered up, in *August* 1837, the select-men had neglected and refused.

*Parsons,* for the defendants in error, insisted, That as it was explicitly averred in the petition that the select-men had neglected and refused, and this averment the court found to be true, the record shews all that the statute, either by its letter or its spirit, requires. At what time during the pendency of the cause this fact was proved and found, is an immaterial enquiry. The usual practice, in all cases, is, for the court to find the facts necessary to sustain its jurisdiction when it renders final judgment ; and this upholds all the previous interlocutory proceedings. What finding is there upon a bill in chancery previous to the appointment of a committee, or in an action of book-debt previous to the appointment of auditors ? Enough must be stated in the *petition* to give the court jurisdiction ; and there the defect lay in *Waterbury* & al. v. *Darien,* 8 *Conn. Rep.* 162. and in *Treat* & al. v. *Middletown, Id.* 243. But if the petition contains the necessary averments, and if the final decree finds those averments to be true, this gives jurisdiction throughout. The committee do not lay out the road, but the court through the instru-

*Hartford,*
June, 184C.

Southington
*v.*
Clark.

mentality of the committee. The appointment of the committee and their doings are in the nature of interlocutory proceedings. The court has a supervisory power over them.

The respondents to the petition might have excepted to the appointment of a committee, on the ground that the fact in question was not true, or they might have been heard upon it, upon the coming in of the report ; but in the former instance, they offered no objection whatever, and in the latter, the objection was of a different character. The finding of the court has now put the matter at rest. The record now shews, that the select-men had neglected and refused, not merely before the passing of the final decree, but before the appointment of the committee, and even before the service of the petition ; for such is the averment found to be true.

STORRS, J. The plaintiffs in error claim, that the county court erred, in appointing a committee to enquire into the convenience and necessity of the road in question, and in accepting their report, prior to finding the fact, that the select-men of the town had neglected or refused to lay out such road.

It is undoubtedly necessary, in an application to the county court to lay out a road, that such neglect or refusal should be averred, as it is indispensable in order to give the court jurisdiction. And it is, of course, necessary that such averment should be proved, and found by the court to be true. *Waterbury* & al. v. *Darien,* 8 *Conn. Rep.* 162. *Treat* v. *Middletown,* 8 *Conn. Rep.* 243.

But there is no provision of the statute on the subject, nor is there, in our opinion, any principle of law, which requires, that such neglect or refusal should be found as a preliminary fact, or indeed in any one stage of the proceedings on the application rather than another. It is sufficient if this fact, necessary to enable the court to entertain jurisdiction of the application, is found at any time in the progress of the proceeding prior to rendering the final judgment; and it has been done in the present case. The averment of a neglect or refusal being found true, the jurisdiction of the court appears on the record, which is all that is required ; and it

*Hartford,*
*June, 1840.*

Southington
*v.*
Clark.

would seem to be unimportant in what particular order this or the other enquiries in the case are made.

To require the court to make this as a preliminary enquiry, before taking any other steps, would not be in analogy to the practice which prevails in other cases, where the writ or petition embraces matters necessary, not only to confer jurisdiction, but to entitle the plaintiff or petitioner to relief. And indeed, we know of no case where facts upon which the jurisdiction of the court depends are found as preliminary to further proceedings, excepting where a plea in abatement or demurrer, presenting the question, is interposed, which would of course render it necessary. In a bill in equity, to the county court, the value of the matter or thing in demand must be alleged, in order to give the court jurisdiction. But on an enquiry by the court into the truth of the facts stated in such bill, no particular order is observed or necessary in introducing proof of the facts upon which its jurisdiction depends, nor in which those facts appear in the finding of the court. Or, if a committee is appointed to enquire into and report the facts to the court, it has never been deemed necessary that the court should, prior to the appointment of the committee, ascertain the value of the matter in demand; nor has such ever been the practice; but that fact, with the other material facts alleged, are referred to the committee, in the first instance; and when the report is made, the facts found by the committee (no sufficient objection to the report being made) are, including that fact, found true, by the court, and the decree thereupon rendered. So, in an action brought to a city court, where, in order to give jurisdiction, it is necessary to aver and prove, that the cause of action arose within the limits of the city, that fact is, with the others in the case, submitted to and found by the jury, and judgment given thereon. We see no substantial reason why the circumstance, that it is for the court, and not the committee, to find the neglect or refusal of the select-men, should render it necessary to ascertain that fact, in the first instance, rather than in a subsequent stage of the proceedings.

If a plea in abatement had been interposed, in the present case, alleging that there had been no such neglect or refusal, it would have been competent and proper for the court to make it a preliminary enquiry. That course, however, was

not taken. At the term to which the application was brought, it appears, that no objections were made to the application, and that thereupon the committee were appointed to enquire into the convenience and necessity of the highway prayed for. After the report of the committee had been made, and damages had been re-assessed, in pursuance of the statute, to the individuals who complained of the assessment, the court found the facts stated in the petition to be true, accepted the report of the committee, and made the necessary orders in the case. We think, that the defendants, by not objecting to the appointment of the committee, on the ground that there had been no neglect or refusal by the select-men, must be deemed to have admitted the jurisdiction of the court, so far, at least, as to warrant the appointment of such committee. Indeed, the statute, after directing how the petition shall be brought and served, provides, that " thereupon, if no objections are offered against such application, or if the objections are adjudged insufficient, the court, before whom such application shall be pending, shall appoint a committee to enquire into the convenience and necessity of said road." *Stat. tit.* 49. *s.* 12. *p.* 340. (ed. 1838.) It may be added, that the course pursued in this case corresponds with the practice which has uniformly prevailed.

It has been urged, that, as it did not appear, when the committee was appointed, that the court had jurisdiction of the proceeding, by reason of it not having been found that there had been a neglect or refusal by the select-men to lay out the road, the appointment of such committee was void; and no one was bound to, or could legally, appear before them. The validity of this objection depends upon the question, whether it was necessary that such neglect or refusal should be first enquired into. If it was competent, as in our opinion it was, for the court to enquire into that fact after the committee had reported, there is no weight in the objection; for all who are interested are presumed to know the law, and may act accordingly.

We think, therefore, that the judgment below is correct, and ought to be affirmed.

In this opinion the other Judges concurred.

Judgment affirmed.