Baker *v.* The Town of Windham.

BAKER *vs.* THE TOWN OF WINDHAM.

In proceedings under the statute (Rev. Stat., tit. 24, § 22) providing for an application to the superior court for relief, by any party aggrieved by the doings of selectmen in laying out a highway, and which provides that the selectmen shall be duly cited to show reason why the relief should not be granted, the town is the party respondent, and service on one of the selectmen is sufficient.

It being provided by the statute that such application shall be referred to a committee of three disinterested persons, selected by the parties, or if the parties can not or do not agree in the selection, by the court, it is not necessary to the validity of the appointment of such a committee, that the court shall have expressly found, either that the parties agreed, or were unable or failed to agree on the persons appointed, but it will be presumed that the court, having jurisdiction of the cause, acted properly in making the appointment.

THIS was a petition to the superior court for the county of Windham, at its November term, 1856, for relief from the doings of the selectmen of the town of Windham in laying out a certain highway, brought under the provisions of the 22d section of the act concerning highways and bridges. [Rev. Stat., tit. 24.]

The statute referred to provides that any party making such application for relief shall " cause said selectmen to be

duly cited, to show reason, if any they have, why such relief should not be granted," and that if it be alleged in the petition that the highway is not of common convenience and necessity, it shall be referred to the county commissioners, and on their finding that the way is not of common convenience and necessity, the court shall set aside the laying out of the same by the selectmen.

A later statute (Acts 1856, p. 73) provides that the above duty of the county commissioners shall be discharged by special committees appointed in each case, consisting of " three judicious disinterested persons, selected by the parties, petitioners or applicants and respondents, or if they can not or do not agree in such selection, by the court." The petition was served on one only of the three selectmen of the town. The town was defaulted at the first term of the court. The petition alleged that the way was not of common convenience and necessity, and was referred to a committee of three disinterested persons, who having heard the case, reported that they found the way not to be of common convenience and necessity. The record of the appointment of the committee did not state that the parties had agreed, or had been unable or had failed to agree, in the selection of the members of the committee, but merely stated the appointment of the committee by the court; nor was such fact expressly stated in any part of the record.

One Jeptha Geer, claiming to be interested in the laying out of the road, appeared and remonstrated against the acceptance of the report of the committee, on the ground that service of the petition should have been made on all the selectmen, and that the court had not found before the appointment of the committee, that the parties had been unable or had failed to agree on the persons of whom the committee should consist. The court held the remonstrance insufficient, accepted the report, and passed a decree setting aside the laying out of the road. The remonstrant there. upon, by a motion in error, brought the record before this court for revision.

*J. A. Welch* for the plaintiff in error.

1. The court below had not jurisdiction in the appointment of the committee. 1st. There is no averment upon the record that the parties could not agree or had not agreed in the selection of a committee. *Waterbury* v. *Darien*, 8 Conn., 162. *Treat* v. *Middletown*, ib., 243. *Waterbury* v. *Darien*, 9 ib., 252. *Plainfield* v. *Parker*, 11 ib., 576. *Huntington* v. *Birch*, 12 ib., 142. *Southington* v. *Clark*, 13 ib., 370. *Torrington* v. *Nash*, 17 ib., 197. *Gaylord* et al. v. *Couch*, 5 Day, 223. *Griswold* v. *Mather*, 5 Conn., 435, 438. *Skinner* et al. v. *Bailey*, 7 ib., 496, 500. *Spencer* v. *Overton*, 1 Day, 183, 186. 2d. The omission of such an allegation is not cured by the default of the respondents. *Treat* v. *Middletown*, supra. *Bradford* v. *Bradford*, 5 ib., 127. *Baron* v. *Abeel*, 3 Johns., 431. *Bacon* v. *Page*, 1 Conn., 404. *Spencer* v. *Overton*, supra.

2. The service being made upon one of the selectmen alone, was insufficient. 1st. The language of the statute is imperative; and it is, "*causing said selectmen to be duly cited.*" 2d. The selectmen being the common officers for laying out public highways and private ways, to suppose the town to be the party in the case of private ways, would lead to an absurdity. Rev. Stat., tit. 23, sect. 21. 3d. In the two classes of highways, the statute prescribes distinct modes of service, neither of which conforms to the general rule of service upon towns. Rev. Stat., tit. 1, sect. 17; ib., tit. 23, secs. 22, 24. 4th. The selectmen act as the agents of the legislature, under delegated powers, in exercising the right of eminent domain, that right being vested in the state and not in the town. They formerly acted arbitrarily, making no report and no record. Stat., ed. 1702, pp. 49, 50. Ib., ed. 1715, pp. 50, 51. Ib., ed. 1750, p. 87. The relation of agents, or trustees, of the government, on the part of the selectmen, is inseparable from the doctrine of the right of eminent domain. 2 Kent's Com., (ed. 1854,) 339, (n. *a.*) *Beekman* v. *Saratoga and S. R. R. Co.*, 3 Paige, 45, 73. *Hartwell* v. *Armstrong*, 19 Barb., 166, et seq. *Bloodgood* v. *M. & H. R. R. Co.*, 18 Wend., 9, 37. They are here called by senator Mason, "the

people's representatives." *Winslow* v. *Gifford,* 6 Cush., 327. *E. Hartford* v. *Hartford Bridge Co.,* 10 How., 511, 535. *Backus* v. *Lebanon,* 11 N. Hamp., 19, 25. *White Riv. T. Co.* v. *Vt. Cent. R. R. Co.,* 21 Verm., 590, 594. *Boston Water Power Co.* v. *B. & W. R. R. Co.,* 23 Pick., 360, 396. *Waterbury* v. *Darien,* 8 Conn., 162. *Salem and Hamburg Turnpike Co.* v. *Lyme,* 18 ib., 451. *Clark* v. *Saybrook,* 21 ib., 313. *Torrington* v. *Nash,* 17 ib., 197. And, in such a capacity, the selectmen are virtually the parties to the suit, and as such, entitled to service, individually. Rev. Stat., tit. 1, sect. 14. *Wellington* et al. v. *Petitioners,* &c., 16 Pick., 87, 105. *Groton and Ledyard* v. *Hurlburt,* 22 Conn., 178, 189.

3. The fact that the town pays for the road does not constitute the town, in its corporate capacity, the party to the suit. *Torrington* v. *Nash,* 17 Conn., 197.

*Burnham,* for the defendant in error.

1. The service in this case was sufficient under a reasonable construction of the statute regulating the matter. The language of the statute is, that the party making the application for relief shall " cause the selectmen to be duly cited to show cause," &c., intending no other or different service than that required by section 24th of the same act, which regulates the service of citations in cases of petitions for new highways; the language in the latter case being that the applicant " shall cause a citation to be served on one or more of the selectmen." The selectmen act as a board, and are cited by leaving a copy with one of their number. The town in each of these cases is the party in interest, responsible for the consequences of laying out the road. The selectmen in either case have no interest in the matter above what other citizens of the town have, and act merely as the agents of the town. *Plainfield* v. *Parker,* 11 Conn., 576. There is no reason why in this case a copy should be left with each, when in the other, a copy left with one is sufficient. In all suits against towns, service upon one of the selectmen is sufficient. Rev. Stat., tit. 1, sec. 17.

2. The committee was properly appointed by the court.

It was clearly to be inferred from the record that the applicants and respondents did not agree in the selection, inasmuch as it appears that the respondents were not in court, but were defaulted for non-appearance. Of course there then could be no agreement. *Harwinton* v. *Catlin*, 19 Conn., 520. And it is no objection that this fact of the non-appearance of the respondents does not appear in the finding of the court prior to the appointment of the committee. It is sufficient if it appears at any time in the progress of the proceedings prior to rendering final judgment. *Southington* v. *Clark*, 13 Conn., 370. The court having appointed the committee, it will be presumed until the contrary appears, either that they appointed those selected by the parties, or that the parties did not agree in the selection, in either of which cases there would have been no ground of complaint. *Harwinton* v. *Catlin*, supra.

3. The remonstrant has no right to take either of the above exceptions. He is not a party to the application, but comes into court only by virtue of certain provisions of the statute, for specified purposes. He can not complain of that which in no way affects his rights. The statute makes the town the party, and no one else, and requires service to be made on the town, and on no one else. If the service was defective the town might complain, but no one else can. So too in regard to the appointment of the committee. If the town might complain on the grounds stated, this remonstrant can not, because he had no rights in regard to the appointment of the committee. The town as respondent had the right to agree with the applicant in the selection of the committee, if the parties chose to exercise that right, but the remonstrant had nothing to say, nor could have, in regard to the selection, and has therefore no right to complain of it. *Plainfield* v. *Parker*, 11 Conn., 576.

ELLSWORTH, J. We think the court was correct in overruling the objections made by the remonstrant.

The selectmen of the town of Windham, having, in due form of law, laid out the highway in question, which after-

ward was approved by the town at a legal meeting, it became an established highway of the town, subject only to the revision of the superior court, upon the appeal of any person who felt aggrieved. An appeal was taken by Mr. Baker, and the proceedings establishing the road were set aside.

When Mr. Baker brought his petition to the superior court, asking the court to review those proceedings, it appears that the petition was served only on the first selectman of Windham. This the remonstrant insists was not service enough to give the court jurisdiction. He says it should have been made on each one of the selectmen, and that this is required by the statute. (Rev. Stat., tit. 24, § 22.) The court think there is nothing substantial in this claim. The town of Windham, and not the selectmen individually, is the party respondent on the record, and the town is duly notified by service on the selectmen, as in all other cases. This is evident from the fact that the town alone is interested in and liable for the road; its agents laid it out and the town approved of it; it must pay the damages assessed to individuals, and must make the road and keep it in repair until it sees fit to discontinue it, which may be done at any time, subject to a right of review in favor of such persons as are injured by the discontinuance. This principle was substantially decided in *Plainfield* v. *Barker*, 11 Conn., 576. We are quite satisfied that the service or notice was sufficient, and that the superior court had jurisdiction.

The next objection is, that the record does not show that, before the superior court appointed the committee to review the doings of the selectmen, the parties could not agree upon the persons to be selected. The language of the statute of 1856, chapter 53, is, " if the parties can not or do not agree in such selection," &c. This cause was properly before the court, as we have already shown, so that the court had taken jurisdiction, and of course could proceed to do what was legal and proper in the premises. The court did appoint the committee; hence we must presume it had found the facts necessary to render that act proper and within its province,

for it certainly had acquired jurisdiction. It may have found that the parties did agree upon this very committee in the outset, and thereupon the court approved of and formally appointed them. The default of the town is not inconsistent with this supposition, and if it is, it follows that the town, not being in court, could not and did not agree upon a committee. It is not material in what part of the record a necessary fact appears, if only it does appear, as was decided by this court in the cases of *Southington* v. *Clark*, 15 Conn., 370, and *Harwinton* v. *Catlin*, 19 ib., 520.

Overruling these objections, we think the superior court did right in accepting the report of its committee, and setting aside the doings of the town of Windham and the selectmen.

We find no error in the judgment complained of.

In this opinion the other judges, STORRS and HINMAN, concurred.

Judgment affirmed.