ARNOLD GIFFORD AND OTHERS *vs.* TOWN OF NORWICH.

The statute with regard to the laying out of highways (Rev. Stat., tit. 24, § 24,) provides that parties applying therefor shall cause a citation to be served on one or more of the selectmen of the town where the highway is to be laid, to appear before the court if they see cause and object to the laying out of the same. Under this statute the town, and not the selectmen, is to be made the party respondent, and a summons to the selectmen merely is not sufficient.

This provision of the statute relates merely to the mode of service, while the whole tenor of the statute indicates that the town is to be the party.

PETITION for the laying out of a highway within the town of Norwich. The summons accompanying the petition was as follows:—" To the sheriff, &c. By authority of the state of Connecticut, you are hereby commanded to summon and notify Newell C. Brakenridge, one of the selectmen of the town of Norwich, to appear, if he have cause, before the superior court next to be holden at New London, within and for the

county of New London, on the third Tuesday of January, 1861, and make objections, if any there be, against such highway and the laying out thereof." The town of Norwich appeared, and pleaded in abatement the want of any summons notifying the town to appear before the court, or making the town a party to the petition. The superior court (*Park, J.,*) sustained the plea and dismissed the petition, and the plaintiffs brought the record before this court by motion in error.

The statute with regard to applications for the laying out of highways (Rev. Stat., tit. 24, § 24,) provides that " the persons so applying, shall, at least twelve days before the sitting of the court to which they shall make application, cause a citation to be served on one or more of the selectmen of the town within which such highway is to be laid, to appear, if they see cause, at said court, and make their objections, if any they have, against such highway being laid out."

*Child*, for the plaintiffs in error.

*Halsey*, for the defendants in error.

ELLSWORTH, J. We do not see from the record in this case that the town of Norwich has in any way been made a party to the proceeding. It is very clear that in applications of this nature the town must be made the party on the record, and not any one of the selectmen, or the whole body of the selectmen. The town is to defend, if any defense is to be made ; and to do this by any agent it may please to appoint, whether a selectman or some other person ; and the town is to pay the damages sustained by individuals whose lands are taken, and to open and make the highway if it is ordered by the court. Indeed all the proceedings are against the town and not against the selectmen. So this court has holden in the cases of *Plainfield* v. *Packer*, 11 Conn., 576 and *Baker* v. *Windham*, 25 id., 597, nor can any one question the correctness of this view.

Has the town then been made a party by summoning Newell C. Brakenridge to appear in court, simply by reason of the fact that he was one of the selectmen of the town, and is called

Gifford *v.* Town of Norwich.

so in the order of notice ?   We think not.   The town is not summoned to appear by name, nor directly in any other way, but Mr. Brakenridge only.   He, if any body, is to appear, and to exercise full control over the defense, and the town can have nothing to do with it except by his permission.   The order of notice should have been to summon the town, which would have been done by leaving a true and attested copy with any one of the selectmen, and the statute in directing such service was directing it only as a service upon the town.   But the mere mode of giving notice does not determine the question who are the parties.   If the statute had directed a copy to be left with the minister of the parish or the representative of the town in the legislature, would this make the town a party ? We think not.   We look to the declaration in an action at law, and to the citation in other proceedings, and not to the mere form of the service, to learn who are the defendants to the suit and are to be subject to the ultimate determination of the court.   Where a highway is wanted in a city, the summons may be left with the clerk of the city, but the city must be summoned as the party respondent, and the city clerk is only the medium through whom the notice is to be given to the city.   And so here, the town only is to be made the respondent, and the selectmen are only the medium of the service upon the town.

We think the court below did right in sustaining the plea in abatement and that there is no error in the judgment.

In this opinion the other judges concurred ; except SAN-FORD, J., who did not sit.