### CHARLES C. CLOSSON *v.* GEORGE W. STAPLES.

*Malicious Prosecution. Service of Process. Pleading. Motion in Arrest. Declaration. Damages.*

When a civil suit is commenced and prosecuted maliciously, and without reasonable or probable cause, and is terminated in favor of the defendant, the plaintiff is liable to the defendant in an action on the case for damages sustained by him, in the defense of such suit, in excess of the taxable costs obtained by him; and to maintain an action to recover such damages, it is not material whether the malicious suit was commenced by process of attachment, or by summons only.

But in England, since the statute which gives costs to the defendant, no action for malicious prosecution would lie unless the body of the party was arrested and imprisoned or held to bail; but this does not seem to be in accordance with the principles and analogies of the text writers and early decisions of the English courts.

The statute providing that no writ shall be issued unless security be given that the plaintiff. shall prosecute his writ to effect, "and shall answer all damages if judgment be rendered against him," has reference solely in the quoted words to the taxable costs established by law, without regard to the manner in which the suit is commenced, whether by attachment or summons. And the power of the court to order additional or better bail, has reference to and is limited by the taxable costs which the defendant is entitled to recover if judgment is rendered in his favor.

The charge of the court to the jury, that they might infer malice from the want of probable cause, in the connection and with the explanation accompanying it in this case, *held* correct.

A declaration in a suit for malicious prosecution is not *prima facie* insufficient because it contains averments showing that a cause of action once existed in the malicious suit, where it contains other averments showing that it did not exist when the suit was brought.

The declaration in such case need not set out the writ in full in the malicious suit; the substance only need be stated.

The declaration having alleged facts which show a want of probable cause, and adds, "and all without cause," and in another place, "and so the said defendant has without any probable cause wronged and injured the plaintiff unlawfully," was *held* sufficient upon motion in arrest, although it contained no averment in terms that the suit was without probable cause.

The averment as to taxable costs was "that said Burnham" (the plaintiff in the malicious suit) "was utterly worthless, and that notwithstanding said Closson re-

22

covered a judgment for taxable costs, the said Burnham has refused and still re-
fuses to pay the same, and the same is worthless to the plaintiff and cannot be
collected," *held* sufficient after verdict; and the taxable costs, in excess of the
amount of bail, may be treated and recovered as part of the general damages sus-
tained by the plaintiff.

ACTION on the case for malicious prosecution of a civil suit.
Plea, the general issue. Trial by jury, and verdict for the
plaintiff, March term, 1868, PECK, J., presiding.

The plaintiff introduced evidence tending to prove all the al-
legations of the declaration, and the necessary facts to entitle him
to recover, except that it was not proved that the plaintiff in this
suit was arrested, or any property attached, on the writ in the suit
mentioned in the declaration, which the defendant caused to be
prosecuted in Orange county, but it appeared that the writ in that
suit was served on the plaintiff by the officer only delivering him
a copy. The defendant insisted, and requested the court to charge
the jury, that this action could not be maintained without proof
that Closson was arrested, or his property attached, in that origi-
nal suit; but the court held otherwise, and charged the jury ac-
cordingly—to which refusal to charge, and to the charge on this
point, the defendant excepted.

The court told the jury that Staples could not be made liable in
this action for bringing that suit in Orange county, instead of bring-
ing it in this county; that if he had probable cause for bringing
the suit at all, he had a legal right to bring it there in the manner
it was brought. The court, in the charge to the jury, explained
to them what would constitute a want of probable cause for com-
mencing and prosecuting the suit in Orange county, and instructed
the jury that the burden of proof was on the plaintiff (Closson)
to prove such want of probable cause; and that want of probable
cause could not be inferred from malice, for however maliciously
the defendant (Staples) may have acted in the commencement
and prosecution of the original suit in Orange county, the plaintiff
could not recover in this suit without proving want of probable
cause in the prosecution of that original suit. Thus far no excep-
tion was taken.

On the question of malice, the court, after telling the jury that
in order to entitle the plaintiff to recover, it was necessary for the
plaintiff also to prove malice on the part of the defendant, Sta-
ples, in the prosecution of the original suit, and explaining to the
jury what constituted malice in the legal sense applicable to this

action, (and to which instruction thus far no exception was taken,) the court told the jury that the question of malice was a question of fact for the jury to find from the evidence ; that from the nature of the question it was generally, to a considerable extent, a matter of inference to be drawn from circumstances proved in the case ; that the jury might or might not infer malice from the want of probable cause ; that it was for the jury to say, upon the whole evidence bearing upon this point, whether the defendant, Staples, in prosecuting that suit, acted maliciously or not. No exception was taken to the charge on the question of malice, except the defendant excepted to that part of the charge in which the court told the jury that they might infer malice from the want of probable cause.

On the subject of damages, the evidence tended to show that Burnham, in whose name the suit was prosecuted in Orange county, was, at the time the judgment in that suit was rendered, destitute of property, and had remained so ever since, and about that time absconded from the state and had never returned. It also appeared that no bail to the defendant (Closson) in that suit was ever entered, except to the amount of $30.00, which was less than the costs recovered by Closson in that suit, and that that judgment remains wholly unpaid. The plaintiff claimed, as one item in damages, to recover the amount of that judgment. The court told the jury that if they found the facts as the evidence tended to prove in relation to the pecuniary circumstances of Burnham, the nominal plaintiff in that original suit, and as to his having absconded, and found that in consequence of that, the judgment was worthless against him, they might include in damages in this suit the excess of that judgment over and above the $30.00, for which bail was given in that suit ; and that if they allowed anything on account of that judgment, to find it in a separate item in their verdict. The jury did so find and return, as a separate item, the balance of that judgment after deducting the $30.00. To the charge as to this item of damages, the defendant excepted. The residue of the charge is not stated, and no exception was taken to it.

The defendant filed a motion in arrest of judgment after verdict, for the insufficiency of the declaration, and also insisted that the plaintiff was not entitled to judgment on that part of the verdict based on the judgment, Closson against Burnham. The court overruled the motion, and rendered judgment for both sums found by the jury—to which the defendant excepted.

The averments of the declaration were in substance, that on the 8th day of May, 1855, the plaintiff signed a certain promisory note as surety for one Truman P. Kellogg, payable to George W. Staples, or bearer, April 1st, 1856, which said Kellogg paid at maturity, but which said Staples did not deliver up, pretending he had lost it, etc.; that said Kellogg afterward enlisted in the army, and finally died in Louisiana in July, 1862, leaving no estate ; that after said Kellogg's decease said Staples produced said note, claiming that it had not been paid, and demanded payment of the plaintiff, and threatened to make the plaintiff trouble if he did not pay the same ; that June 1st, 1863, said Staples procured one Martin P. Burnham, of Randolph, in Orange county, to take said note and commence suit against the plaintiff in Burnham's name, as bearer of said note ; that said Burnham did commence a suit against him on said note, by attaching the property of the plaintiff, and the writ was duly served on the plaintiff, and was made returnable before the Orange county court at the June term, 1863 ; that said suit was entered in court and judgment finally rendered against said Burnham on the merits ; that this proceeding was the wilful and malicious act of the defendant, said Staples ; that at the time of the commencement of said suit the plaintiff and defendant were residents of Washington county, and that said suit was brought in Orange county to put the plaintiff to unnecessary trouble and expense, etc., " and all without cause ;" and the declaration continues :

" And the plaintiff further avers that said Burnham was utterly worthless, and notwithstanding said Closson recovered a judgment for taxable costs, the said Burnham has refused and still does refuse to pay the same, and the same is worthless to the plaintiff and cannot be collected. By means of all which wrongful, fraudulent and malicious acts and threats of the said defendant, the plaintiff has been put to great trouble, annoyance and expense, in looking up witnesses, preparing his defence to said suit, and employment of counsel and attending said court, and other large expenses of time and money and teams ;"

and further in substance, that said note had been paid in full, and the defendant knew it when said suit was commenced, and did not stop the same but directed and encouraged it, etc. " And so the

said defendant has without any probable cause wronged and injured the plaintiff unlawfully."

The declaration did not set out said writ in full, but only the substance of the same. It contained averments that the whole proceeding against the plaintiff was the wilful and malicious act of the defendant, with the intent to injure, wrong and defraud the plaintiff. There was also a count in trover for the vote in question.

*J. A. Wing* and *Paul Dillingham*, for the defendant.

The declaration is insufficient and the court erred in overruling the motion in arrest. In no case has an action for malicious prosecution been sustained in England or this state for prosecuting a civil suit unless there was an arrest of the person or excessive attachment of property. 1 Sw. Dig., 493 ; 1 Salk., 14 ; Esp. Dig., 525 ; 2 Ch. Pl., 600, note R.; 1 B. & P., 205 ; 10 Johns., 106 ; *Ray* v. *Law*, 1 Pet. C. C., 207 ; 7 E. L. and Eq., 475 ; 12 E. C. L., 235 ; *Hathaway* v. *Allen*, Brayton, 152.

If the action could be sustained, the declaration does not set forth facts enough to warrant a judgment for the plaintiff. It does not state any action in due form of law as having been brought by the defendant or Burnham against the plaintiff. No fact is alleged of time or place where the writ was issued, or by whom. 2 Ch. Pl., 600. The process must be set forth. *Davis* v. *Clough*, 8 N. H., 157. It does not state that the suit was brought without reasonable or probable cause. There are no expressions tantamount to it. 3 Cal., 391; *Kirtley* v. *Deck*, 2 Munf., 10. The declaration sets forth probable cause. The note declared upon was probable cause, and the plaintiff in that suit had a right to contest as to payment. *Hathaway* v. *Allen*, Brayton, 152. The declaration does not set forth that any judgment was rendered for costs. It refers to no record of any court, and does not state any taxation of costs by any court. *Cotterell* v. *Jones*, 7 E. L. and Eq., 475. No allegation that Burnham was insolvent in 1863, at the time of the commencement of the suit, or that Staples knew him to be insolvent, or that Staples sued the note in the name of Burnham because he knew Burnham was insolvent, but simply states that at the time judgment was rendered he was insolvent.

The court should have told the jury that no recovery could be had in this action for any damages, and at most no damages beyond taxable costs in the first suit.  7 E. L. and Eq., 475·; 4 Taunton,  9 ; 21 E. C. L., 479.  A party must avail himself of the provisions of our statute in respect to costs.  Under these, a defendant can get an order for sufficient bail.

*Redfield & Gleason*, for the plaintiff, cited *Whipple* v. *Fuller*, 11 Conn., 581 ; 2 Selw. N. P., 1059·; *Pangburn* v. *Bull*, 1 Wend., 345 ; *Elsie* v. *Smith*, 2 Chitt. Eng. Eccl., 305 ; 18 E. C. L., 345 ; *Watson* v. *Freeman*, Hob., 205 ; *Willans* v. *Taylor*, 6 Bing., 183 ; *Purcell* v. *McNamara*, 9 East, 362, note (*b*) ; 1 Am. Lead. Cas., 211, 218, 223.

The opinion of the court was delivered by

WILSON, J.  This is an action on the case for malicious prosecution of a civil suit, and the first question is whether the court erred in their refusal to charge the jury as requested by the defendant.  The case states that the plaintiff introduced testimony tending to prove all the allegations of his declaration, and the necessary facts to entitle him to recover, except it was not proved that the plaintiff in this suit was arrested or any property attached on the writ in the suit mentioned in the declaration, which Staples caused to be prosecuted in Orange county ; " but it was served on Closson only by the officer delivering him a copy."  The defendant requested the court to charge the jury that the action could not be maintained without proof that Closson was arrested or his property attached in that original suit.  This leads us to consider whether an action for malicious prosecution of a civil suit without reasonable or probable cause will lie where the process in the suit so maliciously prosecuted is by summons only.  In England before the statute of Marlbridge, no costs were recoverable in civil actions.  It seems that before the statutes, entitling the defendant in civil actions to costs, if the suit terminated in his favor, he might support an action at common law against the plaintiff, if the proceeding was malicious and without probable cause.  Co. Litt., 161 ;  3 Lev., 210 ;  Hob., 266 ;  3 Chitty's Bla., 125.  But in

England since the statutes which give costs to the defendant in all actions in case of a non-suit or verdict against the plaintiff, and in other stages of the cause, it seems that no action can be maintained merely in respect of a civil suit maliciously instituted, except in some cases under legislative provisions, and perhaps excepting cases where the defendant failed to obtain the ordinary costs owing to the insolvency of a third party in whose name the suit was prosecuted. It is said that those statutes give costs to successful defendants by way of damages against the plaintiff *pro falso clamore.* It is said by Judge SWIFT in his Digest, vol. 1, p. 492 : " It is well settled, that at common law no action will lie against one for bringing a civil suit, however malicious and unfounded, unless the body of the party is arrested and imprisoned or holden to bail; in all other cases the costs the party recovers are supposed to be an adequate compensation for the damage he sustains." There does not appear to be any conflict in the authorities that where any thing is done maliciously, besides commencing and prosecuting a malicious or vexatious action, a suit for the damages sustained by such act may be maintained. It is upon this ground that an action is sustainable for a malicious arrest, or holding to bail for too large a sum, and for maliciously suing out and levying a writ of *fieri facias.* 1 Lev., 275 ; 2 Wils., 305. Upon the same principle it has been held that an action may be maintained where the property of a party has been maliciously attached upon mesne process. Hob., 205, 266 ; *Gifford* v. *Woodgate,* 11 East ; *Wills* v. *Noyes,* 12 Pick., 324. It is said in some of the cases that where the process in the malicious and unfounded suit is by attachment, an action will lie for the damage the party sustains, because in such case no cost is allowed which can be a compensation for the personal injury. But we think the fundamental principles and analogies of the common law, as laid down by the text-writers and early decisions of the English courts, do not make the manner in which service of the process was made essential to maintain the action. The common law declares that for every injury there is a remedy. The principle thus enunciated as applicable to this class of cases has been illustrated by some of the most eminent jurists, whose views of the subject are enti-

tled to great weight.    In *Watson* v. *Freeman*, Hob., 205, it is said : " If a man sue me in a civil suit, yet if his suit be utterly without ground and that certainly known to himself, I may have an action against him for the damage he putteth me unto by his ill-practice."    Again it is said in 2 Selw. N. P., 1054, by a learned writer upon this subject, that " whatever engines of the law malice may employ to compass its evil designs against innocent and un-offending persons, whether in the shape of an indictment or information which charge a party with crimes injurious to his fame and reputation, and tend to deprive him of his liberty, or whether such malice is evidenced by malicious arrests or by exhibiting ground-less accusations merely with a view to occasion expense to the party who is under the necessity of defending himself against them, the action on the case affords an adequate remedy to the party injured."    In *Elsie* v. *Smith*, it is said that " if a party falsely and maliciously and without probable cause put the law in motion, that is properly a subject of an action on the case."    2 Chitty Eng. Eccl., 345.    The principle above cited is the same which sanctions the well-known actions for malicious prosecutions in which no costs are taxed in favor of the accused party, and furnishes remedies by actions on the case for the abuse of legal process.    2d Saund. Pl and Evi., 651 and notes.

The case of *Cotterell* v. *Jones*, 7 E. L. and Eq. Reports, 475, has been much relied upon by the defendant.    In that case there was no arrest of the body nor attachment of property. The only injury alleged was that the plaintiff was unable to obtain the costs in the suit complained of, owing to the insolvency of Osborne, in whose name Jones prosecuted the suit maliciously and without probable cause, and it was to recover the ordinary costs that the suit was brought by Cotterell against Jones.    The court held the declaration insufficient in arrest of judgment, inasmuch as it was consistent with the declaration that no ordinary costs were awarded to the plaintiff on the non-suit, owing to his own neglect to apply for them, and that this was the only reason of his failing to obtain them.    The court did not decide whether, if the declaration averred the recovery of costs in the action by the defendant in the suit complained of, and those costs had not been obtained

by him, by reason of the insolvency of Osborne, that would have been a sufficient statement of legal damage, because there was in that case no sufficient averment that the plaintiff ever gained a legal right to costs, and no averment that any costs to which he had a right were not obtained by him, owing to the insolvency of Osborne. The decision in that case was put upon the ground that the declaration contained no averment of legal damage. But in that case WILLIAMS, J., says : "If such an action be brought and prosecuted maliciously and without reasonable or probable cause, I think there is no doubt an action will lie for it, provided legal damage have been sustained."

In the case of *Whipple* v. *Fuller*, 11 Conn., 581, the court held that if an action be brought and prosecuted maliciously and without probable cause by which the party so prosecuted in a civil suit suffer damage, this action will lie, though neither his body was arrested nor his property attached. The declaration in the case of *Fuller* v. *Whipple*, which was reviewed on writ of error in the case of *Whipple* v. *Fuller* above cited, contains two counts : one founded upon the statute of that state, to prevent vexatious suits ; and the other is a count at common law for the malicious prosecution of a vexatious and malicious suit without probable cause. The process was served by attaching the property of the defendant Fuller ; the action was entered in court, and at a subsequent term the plaintiff in that action was nonsuited and the defendant recovered judgment for his costs. The count at common law contained, among other things, an averment that the plaintiff by means of the premises was compelled to expend large sums of money in his defense for counsel and witness fees, and for his own time and expenses. In that case the court, after reviewing the English authorities upon the subject, say : "But we wish to place our decision of this question upon broader principles—principles which we believe have received the sanction of the common law in its earliest ages." It was held in that case that the count at common law was sustainable upon the fundamental principles and analogies of the common law, aside from the averment that the plaintiff's property was maliciously attached.

The early English cases show very clearly that before the stat-

23

utes entitling defendants to costs existed, they had a remedy at
common law for injuries sustained by reason of suits which were
malicious and without probable cause. It would seem, however,
from more recent decisions, that the present English rule, which
restricts or limits the right of action for maliciously prosecuting
civil suits without probable cause, stands mainly upon the ground
that the costs, which the statute provides the successful defendant
shall recover, are an adequate compensation for the damages he ·
sustains, but under their rule it does not appear that the right of
action is restricted to those cases where the process is by attach-
ment. The justice or equity of the English rule, as a part of their
system of jurisprudence, there is no occasion to consider. But in
our own state, not only the mode of process in civil actions, but
also the general provisions of our statute for taxing costs to the
defendant when the suit terminates in his favor, are opposed to
making it essential, to sustain an action for the malicious prosecu-
tion of a civil suit without probable cause, that his body was ar-
rested, or his property attached. Chapter thirty-three of the
General Statutes provides that the ordinary mode of process in
civil causes in the several courts in this state shall be by writ of
summons or attachment. Writs of attachment may issue against
the property of the defendant, and in certain cases against his
body. The service of the process, whether it be by arresting the
body of the defendant, attaching his property, or by delivering him
a copy only, is equally effective at the commencement of the action,
and the defendant is under the necessity of defending himself
against the suit, or suffer the consequences of allowing judgment
against him by default. Since arrest upon mesne process, in ac-
tions in form ex contractu, except in certain cases, was abolished
in this state by the statute of 1839, there have been but few cases
where such process has been served by arresting the body of the
debtor and holding him to bail, or imprisoning him for want of
bail, and generally defendants are able to procure the bail required
by the statute, and the damage sustained by that mode of service
is merely nominal. And so, too, where the process is served by
attachment of property, the defendant is generally allowed to re-
ceipt the property so attached, and very seldom sustains any dam-

age by that mode of service.  In general it is of no special importance to the defendant whether the process is by attachment or summons ; but the undue vexation, costs and other expenses in defending a malicious and unfounded suit, accrue after the process is served and entered in court.  The damages sustained by the defendant in defending  such suit can be no less where the process is by summons than where it is by arrest of the body, or attachment of property.  They are, for the most part, for counsel and witness fees, for time and expenses in preparing the suit and attending court, and such other damages as are the direct consequence to the defendant by reason of having been compelled to defend a suit maliciously prosecuted by the plaintiff, without probable cause.  Service of the process by arresting the body or attaching property might be made under circumstances by which the damages occasioned by the suit would be enhanced, but such mode of service is not essential to maintain an action for damage where damage is sustained in the suit complained of, after it is entered in court.  Under our statute, which gives the right to commence any civil suit by summons, it would not do to hold that an action, for maliciously prosecuting a civil suit commenced by summons without probable cause, could not be sustained ; for if such a rule were adopted, it would not only encourage malicious and groundless suits, but also afford full protection and indemnity against liability for the damage to the defendant, caused by the suit so maliciously instituted against him, in all cases where the process in such suit was by summons only.  The principle of the common law, recognized by the English courts before the statutes allowing costs to defendants, and which gave a remedy for injuries sustained by reason of suits which were malicious and without probable cause, is and ought to be operative still, and we think it affords a remedy in all such cases where the taxation of costs is not an adequate compensation for the damage sustained.  Our statute provides that no writ of summons or attachment, requiring any person to appear and answer before any court in this state, shall be issued unless there be sufficient security given to the defendant that the plaintiff shall prosecute his writ to effect, " and shall answer all damages if judgment be rendered against him."

The above quoted words, " *and shall answer all damages if judgment be rendered against him*," have reference solely to the taxable costs established by law, and without any regard to the manner in which the suit is commenced, whether by attachment or summons.    And the power of the court, at any time during the pendency of the action, to order additional or better bail to be entered to the defendant for costs, and to compel the plaintiff to become nonsuit for neglect to comply with such order, has reference to, and is limited by, the taxable costs which the defendant is entitled to recover if judgment be rendered in his favor.    Our statute, by which the prevailing party recovers certain costs incurred in the prosecution or defense of a civil action, stands upon the ground that certain claims and rights in respect to the matters in issue are asserted, that in the adjudication of which a civil action, when brought and prosecuted in good faith, is a claim of right, and in order to place the administration of the law upon reasonable grounds in respect to the rights asserted and recoverable costs ; the expenses of litigating the claims of the parties, over and above certain items of costs which the statute allows the prevailing party to recover, should be borne by the respective parties by whom such expenses are incurred, without regard to the result of the suit. But the system of taxing costs under our statute, except in a very few cases, was enacted with reference to suits brought and prosecuted in good faith.    In suits so brought and prosecuted, the defendant may be subjected, or he may subject himself, to expenses not recoverable, even if the suit terminates in his favor ; but of this he has no legal ground to complain when the suit is brought and prosecuted in good faith, because it is the ordinary and natural consequence of a uniform and well regulated system, to which all parties in civil actions are required to conform.    But where the action is brought and prosecuted maliciously and without reasonable or probable cause, the plaintiff asserts no claim in respect to which he had any right to invoke the aid of the law.    In such case the plaintiff, by an abuse of legal process, unjustly subjects the defendant to damages which are not fully compensated by the costs he recovers.    The plaintiff in such case has no legal or equitable right to claim that the rule of law, which allows a suit to be

brought and prosecuted in good faith, without liability of the plaintiff to pay the defendant damages, except by way and to the extent of the taxable costs only, if judgment be rendered in his favor, should extend to a case where the suit was maliciously prosecuted without probable cause. But where the damages, sustained by the defendant in defending a suit maliciously prosecuted without reasonable or probable cause, exceed the costs obtained by him, he has, and of right should have, a remedy by action on the case.

It is apparent from our statute regulating the taxation of costs, that the costs allowed the successful defendant, where the suit is brought and prosecuted in good faith, were not intended or supposed to be an adequate compensation for all damages he might sustain and should recover by reason of defending a suit which was brought and prosecuted maliciously and without probable cause. It would be inconsistent with our system of jurisprudence in the legitimate use of legal process, to allow in all cases such costs as would cover all damages the defendant might sustain by defending a suit, without regard to the motive which influenced the plaintiff in commencing and prosecuting it. And it is quite obvious, I think, that a provision by law, by which the court would have discretionary power to tax and allow the defendant to recover, in a malicious and unfounded suit, such costs by way of damages sustained in the defense of the suit as in their judgment he was entitled to, could not be made without infringing the rights of the plaintiff in such action, because he would have the right of trial by jury of the question whether in the prosecution of the suit, in which such costs were to be taxed, malice and the want of probable cause concurred, and this question could not be tried in that original suit.

We are of opinion that where a civil suit is commenced and prosecuted maliciously and without reasonable or probable cause, and is terminated in favor of the defendant, the plaintiff in such suit is liable to the defendant in an action on the case for the damages sustained by him in the defense of that original suit, in excess of the taxable costs obtained by him; and to maintain an action to recover such damages, it is not material whether the

malicious suit was commenced by process of attachment or by summons only.

2. It is insisted by ι. ᾽ defendant's counsel that that part of the charge on the question οι malice, in which the court told the jury they might infer malice from the want of probable cause, is erroneous. The case shows that the court charged the jury, among other things on the question of malice, that it was generally to a considerable extent a matter of inference to be drawn from the circumstances proved in the case ; that the jury might or might not infer malice from want of probable cause ; that it was for the jury to say, upon the whole evidence bearing upon this point, whether the defendant Staples in prosecuting that suit acted maliciously or not. We think the charge was correct on this point. It has been repeatedly decided that from proof of the want of probable cause malice may be implied, and the want of probable cause may be so strong and plain as to amount to evidence of malice. *Pangburn* v. *Bull*, 1 Wend., 345 ; 9 East, 361, 362, 368 ; 1 Am. Lead. Cas., 211, 218.

The court very properly told the jury that the burden of proof was on the plaintiff to prove a want of probable cause for commencing and prosecuting the suit in Orange county, and that it could not be inferred from malice. The question of malice was a question of fact for the jury, and it was submitted to them to find upon the whole evidence whether Staples, in prosecuting that suit, acted maliciously. From the charge we think the jury did not understand that the question of malice was to be treated as a mere inference from the want of probable cause, but a question for them to determine upon the whole evidence in the case.

II. The remaining questions may be considered upon the defendant's motion in arrest of judgment for the alleged insufficiency of the declaration.

It is claimed by the defendant, among other things, *first*, that the plaintiff's declaration, upon its face, shows probable cause for commencing and prosecuting the suit complained of ; *second*, that the declaration does not set forth any suit in due form of law, as having been brought by the defendant in the name of Burnham, against the plaintiff, with time and place when and

where the writ was issued, or by whom; *third*, that the declaration does not aver that the suit was brought or prosecuted without probable cause; *fourth*, that the declaration does not aver that any judgment was rendered in that suit for costs, nor set forth any taxation of costs by the court.

1. In regard to the question whether the declaration in this case shows probable cause, *prima facie*, for prosecuting that suit, the defendant has relied principally upon the case of *Hathaway* v. *Allen*, reported in Brayton, page 152. It is plain, from the opinion of the court in that case, that their decision is put upon the ground that the recovery of a judgment in the suit complained of, in favor of the creditor, was conclusive evidence of probable cause, for the court say, "A perpetual injunction from chancery does not do away the effect of the judgment as conclusive evidence of probable cause." The soundness of that decision, upon the facts of the case, we have no occasion to consider, but the reasoning of the court would seem to convey the idea that in no case can such action be maintained where the declaration admits that a cause of action once existed. But we think that the remarks of the court in that case, in so far as they give countenance to the idea that an averment in the declaration, that a debt once existed, shows probable cause of action, notwithstanding that averment is followed by an averment that the debt was fully paid, and that the fact of such payment was known to the plaintiff in the suit complained of, before bringing that suit, were not well considered, and are clearly unsound. In an action for maliciously prosecuting a civil suit without probable cause, one important inquiry is whether there was a want of probable cause for instituting the suit at the time it was instituted, and not whether a right of action once existed on the alleged claim. Effect should be given to the several averments in the declaration in regard to the probable cause, according to the rules of pleading and evidence in analagous cases. The declaration admits the execution of the note; it alleges payment of the note to Staples, before he instituted that suit; and it alleges that Staples knew, at the time he commenced that suit, that the note had been paid. These several averments are to be construed together, and effect given them as relating to

the same general proposition, viz.: the want of probable cause; and when so construed they do not constitute an admission of the existence of a debt at the time the suit was commenced, nor any evidence of probable cause for commencing or prosecuting that original suit. There was in that suit no dispute as to the execution of the note; the issue was joined upon the plea of payment, and upon that question the burden of proof was on the defendant Closson. The suit was terminated by judgment in his favor, and upon the face of the declaration in this case, as to the subject matter of that suit, the issue and judgment therein, we think it affords no more evidence of probable cause for bringing that suit than it would if the declaration had averred that Closson prevailed in that suit upon plea of the general issue, and no one would claim that if the declaration averred that that suit was terminated upon plea of the general issue, it would constitute any admission of probable cause. A contrary rule would prevent a recovery in every action for maliciously prosecuting a civil suit, where the declaration, in the action for malicious prosecution of the suit, discloses that a debt once existed; but we find no well considered authority for such a rule, and it is quite clear it could not be sustained upon principle.

2. As to the averments of the declaration in regard to the suit which the defendant caused to be commenced and prosecuted, in the name of Burnham, against this plaintiff, we think they are sufficient. It was not necessary to set out the writ fully, but the substance only need be stated. 1 T. R., 239; 2 Sand. Pl. & Evi., 652. The declaration states the fact that such a suit was commenced in the name of Burnham against this plaintiff, made returnable to the county court within and for the county of Orange, on the third Tuesday of June, 1863; that it was duly served and returned, and entered in that court, and was continued, from term to term, to the June term, 1866, when judgment was rendered against said Burnham, upon the merits, by order of said court.

3. It is objected by the defendant that the declaration does not aver that the suit which the defendant caused to be brought against the plaintiff was without probable cause. The declaration, in this particular, is inartificially drawn, but we think the

allegations as to the want of probable cause are sufficient on motion in arrest of judgment. It is clear that an averment in the declaration, that the suit was brought without probable cause, would not be sufficient, unless the necessary facts were stated to show a want of probable cause. We think the declaration does allege facts which clearly show a want of probable cause, and near the close of the fourth page of the declaration it adds, " *and all without cause.*" The fair import of the above quoted words is that the several facts and grievances, set forth in the declaration, which show a want of probable cause, were " *all without cause,*" and if without cause, they were without probable cause. Near the close of the first count of the declaration it is alleged, " And so the said defendant has, without any probable cause, wronged and injured the plaintiff unlawfully." This averment, we think, has relation back to the facts before stated in the declaration, which show a want of probable cause.

4. In the view we have taken of the first question decided in the case, the fourth point made upon the motion in arrest relates more particularly to the rule of damages applicable to the pleadings and evidence. The declaration contains no special averment that the judgment in that suit was for the recovery of costs by Closson, nor that costs were taxed and allowed to him in that suit. All the declaration contains as to taxable costs is argumentatively stated, as follows : " And the plaintiff further avers that said Burnham was utterly worthless, and that notwithstanding said Closson recovered a judgment for taxable costs, the said Burnham has refused, and still refuses, to pay the same, and the same is worthless to the plaintiff and cannot be collected." The first inquiry upon this point is whether the defect is cured by the verdict in favor of the plaintiff. In *Cotterell* v. *Jones*, 7 Eng. Law and Equity Reports, 475, the declaration, after stating that the defendant, in the name of a third party, whom he knew to be insolvent, maliciously and without reasonable or probable cause, commenced and prosecuted an action against the plaintiff, in which the plaintiff in the original suit was nonsuited, proceeded as follows : " and it was considered by said court that the said Osborne should take nothing by his said writ, but that he and his

24

pledges to prosecute should be in mercy; whereupon and whereby the said suit was wholly determined. By means of which premises the plaintiff was put to costs in defending the action, which costs he was unable to obtain of said Osborne, who was and is unable to pay the same." It will be observed that that action was brought to recover the taxable costs of the suit, on the ground that the nominal plaintiff was insolvent. The plaintiff's counsel, in that case, conceded that an action would not lie to recover extra costs, and that declaration contained no averment that any costs were awarded to the plaintiff. The court held the declaration insufficient in arrest of judgment, inasmuch as it was consistent with the declaration that no ordinary costs were awarded to the plaintiff on the nonsuit, owing to his own neglect to apply for them, and that this was the only reason of his failing to obtain them. But it cannot be said in this case, as it was said in *Cotterell* v. *Jones*, that it is consistent with the declaration that no ordinary costs were awarded to Closson, for the declaration contains an imperfect statement that he did recover judgment for taxable costs, and that the judgment for such costs against Burnham was worthless. Mr. Chitty says the general principle, upon which the doctrine of intendment after verdict depends, appears to be, that "where there is any defect, imperfection or omission, in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the fact, so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given the verdict, such defect, imperfection or omission is cured by verdict." The expression *cured by verdict* signifies, says Mr. Chitty, that "the court will, after a verdict, presume or intend that the particular thing which appears to be defectively or imperfectly stated or omitted, in the pleading, was duly proved on the trial." And such intendment must arise, not merely from the verdict, but from the united effect of the verdict and the issue upon which such verdict was given, and the particular thing which is presumed to have been proved must always be such as can be implied from the allegations on the record, by fair

and reasonable intendment. It has been held that when the law requires a special averment of demand, without which the objection to the declaration would be fatal on demurrer, yet if the declaration contains the words " although often demanded," or the words " although demanded," it would be sufficient upon motion in arrest.

Numerous cases might be cited to show the application of this doctrine to particular cases.

In this case the averment as to the recovery by this plaintiff, of judgment for costs in that suit, is defective and imperfect; but we think it contains terms sufficiently general to comprehend it in fair and reasonable intendment. The importance of this averment relates only to that portion of the damages for taxable costs in excess of the bail; and there is another ground upon which we think the verdict may be sustained. In our decision of the first point in the case, we hold that the action will lie for the recovery of the damages, sustained by the plaintiff, in excess of the taxable costs obtained by him. The declaration alleges, by way of general damages, that the plaintiff has been put to great trouble, annoyance and expense, in looking up witnesses, preparing his defense to that suit, and the employment of counsel and attending said court, and other large expenses, of time, money and teams. The declaration also contains a sufficient averment that the judgment for costs, in excess of the amount of bail, was utterly worthless, owing to the insolvency of Burnham; and under the charge of the court, and from the special verdict of the jury, they must have found that the judgment against Burnham for costs, except as to the thirty dollars secured by the bail, was not a satisfaction of any part of the general or special damages sustained by the plaintiff in the defense of that suit. It is said by the defendant's counsel that the plaintiff might and should have moved for additional bail, and that on such motion being made, the court would have ordered Burnham to furnish ample security for the taxable costs; and it is said that the plaintiff, having neglected to make such motion, should accept that judgment in satisfaction of the damages to the extent of the taxable costs. But we think the charge of the court was correct. The jury having found that the

judgment was and is worthless, it cannot be treated as payment of any part of the damages sustained by the plaintiff. It is true that the plaintiff might have moved for, and the court had power to order, additional bail to be entered for costs, but the defendant, having maliciously and without probable cause commenced and prosecuted the suit in the name of Burnham, is liable for such reasonable damages as are the direct consequences of that suit. The taxable costs are part of the general damages sustained by the plaintiff, for which the defendant is liable ; and we think the plaintiff was not bound to accept a worthless judgment against the third party, in whose name the defendant committed the injury, in payment of any part of the damages so sustained by the plaintiff. This being so, the taxable costs, in excess of the amount of bail, may be treated and recovered as part of the general damages sustained by the plaintiff.

The judgment of the county court is affirmed.