MALICIOUS PROSECUTION.—*Inquisition of Lunacy.*—*Damages.*—One who ma-
liciously, and without probable cause, institutes or procures to be insti-
tuted against another an inquisition of lunacy, is liable to the latter on
his discharge, in an action for malicious prosecution, for all damages
suffered by him in excess of the taxable costs of such proceeding.

SUPREME COURT.—*Death of Party after Submission.*—*Judgment.*—*Practice.*—
Where, after the submission of a cause to the Supreme Court on appeal,
a party thereto dies, judgment in the cause may be afterwards rendered
as of the term at which the cause was submitted.

From the Washington Circuit Court.

*H. Heffren* and *S. B. Voyles*, for appellant.

*T. L. Collins* and *A. B. Collins*, for appellees.

WORDEN, J.—This was an action by the appellant
against the appellees, to recover damages for an alleged
malicious prosecution.

The complaint consisted of two paragraphs.

Demurrer, for want of sufficient facts, to each para-
graph, sustained, and exception. Final judgment for
defendants.

Errors assigned upon the rulings in sustaining the de-
murrers.

The first paragraph of the complaint alleged, in sub-
stance, that the defendants, conspiring and confederating
together, maliciously and without probable cause, insti-
tuted and carried on proceedings against the plaintiff, in
that court, at the March term thereof, 1874, to procure
him to be adjudged insane, and to thereby deprive him
of the right and liberty to manage and control his prop-
erty, and to place him under guardianship; that the
defendant Shoemaker filed the complaint or statement in
writing, alleging the plaintiff's unsoundness of mind, and
that a summons issued thereupon and was served upon
the plaintiff herein, requiring him to appear in that
behalf; that he did appear, and was put to great trouble

Lockenour v. Sides et al.

and expense in employing counsel and attorneys in that behalf, to wit, an expense of three hundred dollars; that by reason of the false charges thus made by the conspirators, the plaintiff was compelled to exert himself beyond his physical powers, he being an old man and in feeble health, to meet and resist the false charges thus made, whereby he became prostrated and broken down in health, to such an extent that he was compelled to employ physicians to attend upon, prescribe for and nurse him for the period of four months, at an expense of two hundred dollars; during all which time his busines suffered great loss and waste.

The prosecution resulted in the discharge of the plaintiff herein from the proceeding.

The second paragraph was much the same as the first in its general features, but it alleged the same kind of a proceeding at a subsequent term of the court, in which the cause was tried by a jury, resulting in a verdict that the plaintiff herein was not a person of unsound mind, and in his discharge. In the latter case, the defendants did not, nor did either of them, file the statement of the plaintiff's unsoundness of mind; but it is alleged, that the defendants herein, "in pursuance of their malicious conspiracy, confederated with and hired one James Mayhan, for the sum of thirty dollars, to file the said false, wicked and malicious complaint aforesaid, in the office of the clerk aforesaid."

Both paragraphs set out the matter complained of very fully and in detail, but we have thought it unnecessary to transcribe them here in full. We have only stated enough to show the general nature of the action. The averments are full in each paragraph, and each states facts sufficient, in our opinion, to constitute a cause of action, if an action will lie for prosecuting such a proceeding maliciously and without probable cause.

The statute provides for the trial of the question of unsoundness of mind, "Whenever any person shall by

Lockenour *v.* Sides *et al.*

statement in writing, represent to the court having probate jurisdiction, in any county, that any inhabitant of such county is a person of unsound mind and incapable of managing his own estate." If found to be of unsound mind, a guardian is to be appointed for him, who is to have custody of his person and the management of his estate. If the person is found not to be of unsound mind, the court shall give judgment for costs against the person making the complaint. See 2 R. S. 1876, p. 598.

The appellees claim, as we understand their brief, that the plaintiff can not recover, inasmuch as the proceedings to test his sanity were not criminal proceedings, and he was not arrested or in any manner deprived of his personal liberty, nor was his property interfered with; and as to the expense to which he was put, he was fully indemnified by his judgment for costs against the parties filing the complaints.

We are aware, that it has been sometimes thought that an action will not lie for maliciously, and without probable cause, prosecuting a mere civil action. Thus it is said in 2 Addison Torts, p. 752, "If one man prosecutes a civil action against another maliciously, and without reasonable and probable cause, an action for damages is not maintainable against the prosecutor of the action." The more modern doctrine, however, and especially the American doctrine, seems to be otherwise. In 1 Hilliard Torts, 4th ed., p. 443, sec. 11, it is said, that "It has been sometimes held, that an action for a malicious prosecution will not lie for bringing a civil suit, although it were groundless. Thus for holding a defendant to bail, upon an unfounded claim, a civil action being a claim of right, to be pursued only at the peril of costs, if not sustained. And although an action is held to lie for suing in the name of a third person; yet a distinction is made between suing in the name of a solvent and an insolvent person. The explanation of this difference between criminal prosecutions and civil actions is found in part in the fact,

that the common law, in order to hinder malicious, friv-. olous, and vexatious suits, provided that every plaintiff should find pledges, which were amerced if the claim was false. And after this practice ceased, statutes provided costs for a prevailing defendant. But the qualified doctrine is now well settled, in relation to civil actions (corresponding with the rule as to criminal prosecutions), that no action lies to recover damages sustained by being sued in a civil action, unless it was malicious and without probable cause."

In England, it is held, that an action will lie for falsely and maliciously suing out a commission of bankruptcy. *Chapman* v. *Pickersgill*, 2 Wils. 145. The Lord Chief Justice said, in that case:

"The general grounds of this action are, that the commission was falsely and maliciously sued out, that the plaintiff has been greatly damaged thereby, scandalized upon record, and put to great charges in obtaining a *supersedeas* to the commission; here is falsehood and malice in the defendant, and great wrong and damage done to the plaintiff thereby. Now wherever there is an injury done to a man's property by a false and malicious prosecution, it is most reasonable he should have an action to repair himself." See, also, *Farlie* v. *Danks*, 30 Eng. Law & Eq. 115. ·

In turning to the American cases, we find that in *Whipple* v. *Fuller*, 11 Conn. 581, it was held, that "An action on the case at common law, is sustainable for a vexatious civil suit, in which there was no arrest, or holding to. bail."

CHURCH, J., said, in delivering the opinion of the court:

"But we wish to place our decision of this question upon broader principles; principles which we believe have received the sanction of the common law in its earliest ages. Before the statute of MARLBRIDGE, which was passed in the 52d year of Hen. III., no costs were recoverable in civil actions. This statute, and others.

subsequently enacted, gave costs to successful defendants, as it is said, by way of damages against the plaintiff, *pro falso clamore.* Whatever might have been true when the several statutes giving costs, were enacted, we can not, at this day, shut our eyes to the truth known by everybody, that taxable costs afford a very partial and inadequate remuneration for the necessary expenses of defending an unfounded suit; and of course this remedy is not adequate to repair the injury thus received; and the common law declares, that for every injury there is a remedy. Before the statutes entitling defendants to costs, existed, they had a remedy at common law, for injuries sustained by reason of suits which were malicious and without probable cause. * * * And this principle is, and ought to be, operative still, in all cases where the taxation of costs is not an ample remedy. *Saville* v. *Roberts*, 12 Mod. 208. S. C., 1 Salk. 14.

"It is upon this principle, in part at least, that actions have ever been sustained for malicious criminal prosecutions, in which no costs are taxed in favor of the accused. 1 Salk. 14. 10 Mod. 148. *Smith* v. *Hixon*, 2 Stra. 977.

"So also, if two or more persons conspire to vex and harass any person with groundless and malicious civil suits, they were not only punishable *criminaliter*, but liable to a civil action. Staundford P. C. 172. 1 Inst. 562. Co. Litt. 161 *a.*"

In the more recent case of *Closson* v. *Staples*, 42 Vt. 209, the same doctrine was held, after full consideration of the question. The court said, in conclusion, upon that branch of the case:

"We are of opinion that where a civil suit is commenced and prosecuted maliciously and without reasonable or probable cause, and is terminated in favor of the defendant, the plaintiff in such suit is liable to the defendant in an action on the case for the damages sustained by him in the defence of that original suit, in excess of the taxable costs obtained by him; and to maintain an action

to recover such damages, it is not material whether the malicious suit was commenced by process of attachment or by summons only."

To the same effect are the cases of *Pangburn* v. *Bull,* 1 Wend. 345; *Cox* v. *Taylor's Adm'r,* 10 B. Monroe, 17. See, also, *Vanduzor* v. *Linderman,* 10 Johns. 106; *White* v. *Dingley,* 4 Mass. 433.

The proceedings to procure the plaintiff to be found insane, and to place him under guardianship, are not entirely like a civil action, in which the plaintiff therein claims some right in his own behalf. If the proceedings were instituted and carried on by the defendants maliciously and without probable cause, as alleged, the defendants were officious intermeddlers, without any claim of right or interest in the matter; and they are, in our opinion, liable to the plaintiff for the damages, in excess of the taxable costs, sustained by him by means of the proceedings.

The judgment below is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.

NOTE.—It appearing that one of the appellees, George Shoemaker, has departed this life since the submission of the cause, judgment is rendered as of the term when the submission was made.