EDWARD K. SYLTE *vs.* SVENNO NELSON.

June 25, 1879.

Counterclaim in Claim and Delivery.—The right of a defendant in an action of claim and delivery to a return of the property replevied, and to damages for the taking and detention of the same in such action, is not a cause of action which can constitute a counterclaim in such action of claim and delivery.

Appeal by plaintiff from an order of the district court for Chippewa and Lac qui Parle counties, *Brown,* J., presiding, refusing a new trial.

*Arctander & Reynolds,* for appellant.

*Budd & Moyer,* for respondent.

BERRY, J. This is an action of claim and delivery brought to recover certain personal property alleged to have been wrongfully taken and detained from plaintiff by defendant. The defence is that defendant took and detained the property

by virtue of certain provisions in a chattel mortgage executed by plaintiff. The property having been delivered to the plaintiff by the officer who seized the same in this action, the defendant in his answer alleges that, under the state of facts set up in the answer regarding the mortgage, such seizure and the consequent detention were wrongful, and that he has thereby suffered damage in the sum of fifty dollars. For this sum he demands judgment, as also for the return of the property.

The court below held, and the case was disposed of adversely to plaintiff upon the theory, that this the defendant's allegation and claim of damages, and of a right to the return of the property, upon the facts set up in the answer, constituted a counterclaim. This was wrong, for the reason that under our statutes, (Gen. St. *c.* 66, § 80,) a counterclaim must be a cause of action. The right of a defendant, in an action of claim and delivery, to a return of the property replevied, and to damages for the taking and detention of the same in the action, is not a cause of action. His right to a return of the property is the simple result of the failure of the plaintiff to establish *his* cause of action. In other words, it is not a cause of action in itself, upon which defendant can maintain an action, but a consequence of a want of a cause of action on the part of the plaintiff. So the right to damages for taking and detention in the pending action of claim and delivery, is not, in itself, a cause of action in the defendant. It is not something upon which he can maintain an action; it is merely a right which the statute gives him, to be asserted in the action of claim and delivery, as an incident of a verdict or decision determining that defendant is entitled to a return of the property, on the ground that plaintiff has failed to make out his cause of action, or (what is equivalent in contemplation of law) on the ground that plaintiff has no cause of action.

Order reversed, and new trial granted.