ORTON P. WARD *vs.* JOHN A. ANDERBERG.

December 23, 1886.

**Replevin—Answer—Counterclaim.**—In an action of replevin in justice's court, the claim of defendant for damages for the detention of the property during the pendency of the action is not a *counterclaim*, and therefore requires no reply.

**Same—Damages—Excessive Verdict.**—Cause remanded, with directions to grant a new trial, unless defendant remits a part of the verdict for damages.

Appeal by plaintiff from an order of the district court for Goodhue county, *Crosby*, J., presiding, refusing a new trial.

*J. C. McClure,* for appellant.

*Wm. Colvill,* for respondent.

MITCHELL, J. This was an action of replevin, commenced in justice's court, to recover possession of a horse. Defendant, in his answer, denied plaintiff's ownership and right of possession, and alleged right of possession in himself, and demanded judgment for the return of the property, and for $100 damages for the loss of the use of it (alleged at $1.50 per day) during the pendency of the action. Upon the trial in the district court, (to which the action was taken on appeal,) the court instructed the jury that, if they found that defendant was entitled to the possession of the property, they should also assess his damages for its detention at $100.

It is not claimed that there was any evidence to sustain this, but it is urged that the amount of defendant's damages was admitted by the pleadings, the reply not being sufficient to put it in issue. There is no occasion to consider the reply, for none was necessary. Defendant's claim for damages for the detention of the property during the pendency of the action was not a *counterclaim.* It was a part of the relief expressly provided for by the statute in case the plaintiff in the action fails to establish his right of property. Gen. St. 1878, c. 65, §§ 28, 37, 95; Pom. Rem. § 767; *Sylte* v. *Nelson,* 26 Minn. 105, (1 N. W. Rep. 811.) Consequently the court erred in giving the instruction complained of.

We have examined the other assignments of error, and find them all without merit. The defendant would have been entitled, in any event, to recover, as damages, interest on the value of the property from the time it was taken from him on the writ of replevin down to the day of trial. This would amount to $17.50. Hence, if defendant will remit the excess, there will be no necessity for a new trial. The case is therefore remanded to the district court, with directions to grant a new trial unless the defendant will remit all of the damages awarded him in excess of $17.50; but, if he remits such excess, then to render judgment in his favor on the verdict as thus modified.