## MARY McPHERSON *vs.* WILLIAM S. RUNYON.

### October 29, 1889.

**Malicious Prosecution of Replevin or other Civil Action.**—An action may be maintained for the prosecution of a civil suit maliciously and without probable cause, even though there was no interference with the person or property of the defendant.

**Same—Recovery of Damages by Defendant in Replevin not a Bar.** Such an action may be maintained for the malicious prosecution of an action of replevin, although the plaintiff (defendant in replevin) recovered in that action the damages suffered from the taking and detention of his goods.

Appeal by plaintiff from an order of the district court for Ramsey county, *Brill,* J., presiding, sustaining a general demurrer to the complaint. The action was to recover $2,000 damages for the malicious prosecution by defendant, in a justice's court, of an action of replevin for a cooking-stove of the value of $20, in which action the plaintiff (defendant herein) took the property on the writ, and the defendant therein (now plaintiff) had judgment for its return.

*James H. Foote,* for appellant.

*Leon T. Chamberlain,* for respondent.

DICKINSON, J.[1] This is an appeal from an order sustaining a general demurrer to the complaint. The cause of action for which a recovery is sought is the malicious prosecution, by this defendant against this plaintiff, of an action in replevin in a justice's court, and the malicious seizure of this plaintiff's property by writ of replevin in that action. It is not claimed that the complaint does not set forth facts showing a right of recovery, if a separate action may be maintained for such cause. The demurrer rests upon the propositions, contended for by the respondent, that the cause of action here asserted was a mere incident of the original action of replevin; that whatever damages this plaintiff might have been entitled to recover for the cause here alleged were recoverable only in that action;

[1] Collins, J., did not sit in this case.

and that the judgment therein in favor of this plaintiff is a bar to the recovery now sought. *Sylte* v. *Nelson*, 26 Minn. 105, (1 N. W. Rep. 811,) and *Ward* v. *Anderberg*, 36 Minn. 300, (30 N. W. Rep. 890,) are relied upon in support of this contention. The respondent does not claim that for the prosecution of a civil action, maliciously and without probable cause, a defendant may not in general maintain an action for damages. We have recognized such rights of action in cases where the defendant's property was attached,—*Burton.* v. *St. Paul, M. & M. Ry. Co.*, 33 Minn. 189, (22 N. W. Rep. 300,) and. *Cochrane* v. *Quackenbush*, 29 Minn. 376, (13 N. W. Rep. 154;)—and. if there were peculiar reasons, based upon the fact of the attachment, justifying an action in such cases, it is not perceived why they are not equally applicable where, as in this case, the defendant's property was seized under a writ of replevin. That an action will lie in such a case was held in *Wills* v. *Noyes*, 12 Pick. 324; and this was also recognized in *Magmer* v. *Renk*, 65 Wis. 364, (27 N. W. Rep. 26.)

We do not, however, place our decision upon this limited ground, but upon the broader proposition that for the prosecution of a civil action maliciously and without probable cause, to the injury of the defendant, he may maintain an action for damages, although there was no interference with his person or property. *Pangburn* v. *Bull,.* 1 Wend. 345; *Whipple* v. *Fuller*, 11 Conn. 582; *Closson* v. *Staples,.* 42 Vt. 209; *Eastin* v. *Bank of Stockton*, 66 Cal. 123, (4 Pac. Rep.. 1106;) *Allen* v. *Codman*, 139 Mass. 136; *Marbourg* v. *Smith*, 11. Kan. 554; *Woods* v. *Finnell*, 13 Bush. 628; *Pope* v. *Pollock*, (Ohio,) 21 N. E. Rep. 356; *McCardle* v. *McGinley*, 86 Ind. 538. The reasons for this conclusion are well set forth in *Whipple* v. *Fuller* and in *Closson* v. *Staples, supra*. See, also, 21 Am. Law Reg. (N. S.) 281, 353.

The decision in *Sylte* v. *Nelson*, followed in *Ward* v. *Anderberg,.* has not the effect ascribed to it by the respondent. It was there decided that a defendant's assertion in an action of replevin of the right to a return of the property taken from him, and to damages for the taking and detention, did not constitute a counterclaim in such action. It was said also in the opinion that this was not a cause of action in itself upon which the defendant could maintain an action..

This decision and the language of the court, relating merely to the ordinary claim of a defendant in replevin to have his property restored to him, with damages for the taking and detention, as an incident in that action, has no bearing upon the question as to whether an action will lie for the malicious prosecution of an action of replevin. For such a cause, indeed, no action could be maintained, or recovery had, until the replevin action should have terminated in favor of the defendant, (*O'Brien* v. *Barry*, 106 Mass. 300,) and of course the right of recovery for the malicious prosecution could not be asserted as a counterclaim in that same action. It is of course true that but one recovery can be allowed for the same cause; and the damages for the taking and detention, once awarded to the defendant in the original action, cannot be again assessed in an action for malicious prosecution. But the measure of recovery in the latter action is not confined to the injury from the taking or detention of the property. To what particular subjects the proof of damages should be directed or confined, under the allegations of this complaint, no question has been raised, and we do not decide.

Order reversed.

