# WHITESELL V. STUDY.

[No. 5,521.　Filed March 7, 1906.]

1. PLEADING.—*Complaint.*—*Malicious Prosecution.*—A complaint for malicious prosecution must allege that the prosecution was malicious, without probable cause, and resulted favorably to defendant therein, the present plaintiff. p. 432.

2.  MALICIOUS PROSECUTION.—*Civil Actions.*—*Elements.*—Where plaintiff instituted a civil action against defendant maliciously and without probable cause, and such action terminated in defendant's favor, a civil action lies against such plaintiff for damages, and it is immaterial whether such action was begun by process of attachment or by summons.   p. 432.

3.  PLEADING. — *Complaint.*—*Malicious Prosecution.*—*Criminal.*— *Civil.*—A complaint for malicious prosecution, criminal or civil, which shows that the action against plaintiff terminated in a judgment against plaintiff is bad.   p. 433.

4.  PROCESS.—*Malicious Abuse of.*—*Unlawful Purpose.*—Where legal process was successfully used in one case to have a widow's . election set aside, and in another for the collection of a valid debt, no unlawful end being demanded or required in either case, an action against the plaintiff therein for malicious abuse of process will not lie.   p. 433.

5.  SAME.—*Malicious Intent.*—Where plaintiff uses legal process for the purpose of enforcing his legal or equitable rights, his malicious motive is immaterial.   p. 434.

6.  PLEADING.—*Complaint.*—*Deceit.*—A complaint for deceit which shows that the deceit, if any, was not practiced upon plaintiff is bad.   p. 435.

7.  ATTORNEY AND CLIENT.—*Deceit.*—*Collusion.*—*Statutes.*—An attorney is liable to his client under §984 Burns 1901, §972 R. S. 1881, for deceit or collusion causing injury to such client. p. 435.

From Wayne Circuit Court; *W. O. Barnard,* Special Judge.

Action by Elmira J. Whitesell against Thomas J. Study. From a judgment for defendant, plaintiff appeals.   *Affirmed.*

*Samuel C. Whitesell,* for appellant.

*B. F. Mason* and *Thomas J. Study, in pro. per.,* for appellee.

ROBINSON, J.—A demurrer for want of facts was sustained to appellant's amended complaint, and on her refusal to plead further judgment for appellee was rendered.

The complaint is very long, and it is difficult to tell upon what theory the pleader intended to proceed.   Counsel for appellant claims in his brief that the complaint states a

cause of action for damages for malicious prosecution, for abuse of process and for deceit.

Amos Strickler died October 23, 1899, seized of certain land. Appellant, a daughter of Amos Strickler, afterward, in March, 1900, purchased at administrator's sale the undivided two-thirds of the land, and Elizabeth Strickler, the widow of Amos Strickler, conveyed the undivided one-third of the land to appellant for the consideration, stated in the deed, which was made a charge on the land, that appellant, her daughter, should provide her a home, the necessaries and comforts of life, and have her expenses of sickness and funeral paid. Appellant borrowed the money to pay for the two-thirds, and executed a mortgage on the land to secure the loan, in which mortgage Elizabeth Strickler joined. The mortgage was afterwards, in 1903, foreclosed, and in January, 1904, the land sold under the decree for about $2,000 more than the mortgage debt. Prior to the foreclosure of the mortgage a judgment was rendered in the Hancock Circuit Court in favor of Elizabeth Strickler against appellant, the heirs of Amos Strickler and the administrator, setting aside her election to take under the law rather than by the provisions of her husband's will. In these suits appellee was Elizabeth Strickler's attorney. These judgments are still in force. Elizabeth Strickler, under the terms of the deed, continued to live with appellant until in June, 1901, when, without any good and sufficient cause for so doing, she left, and has ever since remained away. The acts done by appellee of which complaint seems to be made are acts done by him as attorney for Elizabeth Strickler, and it is averred in many different ways that these acts were done maliciously and without probable cause and that they were intended to and did vex, harass and injure appellant in her person and property.

The complaint does not state a cause of action for malicious prosecution. It is well settled that in an action for

malicious prosecution the pleading and proof must
1. show that the prosecution was malicious, was with-
out probable cause, and that it has terminated
favorably to the present plaintiff.

An action as for tort will lie where a criminal proceed-
ing has been instituted without probable cause, and the
motive in instituting it was malicious, and the prose-
2. cution has terminated in the acquittal or discharge
of the accused. But the authorities are not agreed
as to what cases are within the rule that an action may be
maintained for the malicious institution of a civil suit. In
some jurisdictions it is held that, if the person be not
arrested or his property seized, the plaintiff is sufficiently
punished by the payment of costs. See Cooley, Torts (2d
ed.), 217, and cases cited. But it is held in this State that
the costs which the law gives a successful party are no
adequate compensation for the time, trouble and expense of
defending a malicious and groundless civil action. *Mc-
Cardle* v. *McGinley* (1882), 86 Ind. 538, 44 Am. Rep.
343. In *Lockenour* v. *Sides* (1887), 57 Ind. 360, 26 Am.
Rep. 58, the court quoted with approval from *Closson* v.
*Staples* (1869), 42 Vt. 209, 1 Am. Rep. 316, the follow-
ing: "We are of opinion that where a civil suit is com-
menced and prosecuted maliciously and without reasonable
or probable cause, and is terminated in favor of the defend-
ant, the plaintiff in such suit is liable to the defendant in
an action on the case for the damages sustained by him in
the defense of that original suit, in excess of the taxable
costs obtained by him; and to maintain an action to recover
such damages, it is not material whether the malicious
suit was commenced by process of attachment or by sum-
mons only." See *Brand* v. *Hinchman* (1888), 68 Mich.
590, 36 N. W. 664, 13 Am. St. 362; *Pope* v. *Pollock*
(1889), 46 Ohio St. 367, 21 N. E. 356, 4 L. R. A. 255, 15
Am. St. 608; *McPherson* v. *Runyon* (1889), 41 Minn.
524, 43 N. W. 392, 16 Am. St. 727; *Antcliff* v. *June*

(1890), 81 Mich. 477, 45 N. W. 1019, 10 L. R. A. 621, 21 Am. St. 533; *Fortman* v. *Rottier* (1858), 8 Ohio St. 548, 72 Am. Dec. 606.

The same circumstances must concur, whether the proceeding is civil or criminal; that is, the proceeding must have been instituted with malice, without probable

3. cause, and must have terminated in favor of the present complaining party. *McCardle* v. *McGinley, supra; Lockenour* v. *Sides, supra;* Newell, Malicious Prosecution, p. 39; *Stewart* v. *Sonneborn* (1878), 98 U. S. 187, 25 L. Ed. 116. The two actions mentioned in the complaint as having been prosecuted against appellant are shown to have been successfully prosecuted. Appellant was unsuccessful in each. The complaint not only does not contain the necessary averment that the actions terminated favorably to the party plaintiff, but expressly shows that they terminated against her. See *McCullough* v. *Rice* (1877), 59 Ind. 580; *Steel* v. *Williams* (1862), 18 Ind. 161; *Hays* v. *Blizzard* (1868), 30 Ind. 457; *Gorrell* v. *Snow* (1869), 31 Ind. 215; *Adams* v. *Bicknell* (1890), 126 Ind. 210, 22 Am. St. 576; *Stark* v. *Bindley* (1899), 152 Ind. 182; *Indiana Bicycle Co.* v. *Willis* (1897), 18 Ind. App. 525; *Blucher* v. *Zonker* (1898), 19 Ind. App. 615; *O'Brien* v. *Barry* (1871), 106 Mass. 300, 8 Am. Rep. 329; *Docter* v. *Riedel* (1897), 96 Wis. 158, 71 N. W. 119, 37 L. R. A. 580, 65 Am. St. 40.

It is claimed also that the complaint states a cause of action for malicious abuse of process. "If process, either civil or criminal, is wilfully made use of for a pur-

4. pose not justified by the law, this is abuse for which an action will lie. * * * It is enough that the process was wilfully abused to accomplish some unlawful purpose." Cooley, Torts (2d ed.), 220, 221. It does not appear that any unlawful purpose was accomplished, or was sought to be accomplished, in either of the actions mentioned in the complaint, or that the

process was used to accomplish anything wrongful or illegal. In one case the widow was successful in having her election set aside, and in the other the process was used to collect a valid debt. It does not appear that the plaintiff in these actions did anything or procured anything beyond what was strictly within her rights; neither does it appear that any unlawful end was accomplished; nor that appellant was compelled to do anything which she could not legally be required to do, nor that anything was done under the process not warranted by its terms, nor that anything was done in excess of what was warranted. *Nix* v. *Goodhill* (1895), 95 Iowa 282, 63 N. W. 701, 58 Am. St. 434; *Bartlett* v. *Christhilf* (1888), 69 Md. 219, 14 Atl. 518; *Roby* v. *Labuzan* (1852), 21 Ala. 60, 56 Am. Dec. 237; *Bradshaw* v. *Frazier* (1901), 113 Iowa 579, 85 N. W. 752, 55 L. R. A. 258, 86 Am. St. 394 and note page 397; *Grainger* v. *Hill* (1838), 4 Bing. N. C. 212.

It is true it is averred that appellee maliciously caused the process to be issued. As already stated, the things that were done were in their essence lawful. This being true, the fact that such things were done with malicious motives would not make them wrongful. "Any transaction," said Black, J., in *Jenkins* v. *Fowler* (1855), 24 Pa. St. 308, "which would be lawful and proper if the parties were friends, can not be made the foundation of an action merely because they happened to be enemies. As long as a man keeps himself within the law by doing no act which violates it, we must leave his motives to Him who searches the heart." See Cooley, Torts (2d ed.), 230; *Chipley* v. *Atkinson* (1887), 23 Fla. 206, 1 South. 934, 11 Am. St. 367; *Raycroft* v. *Tayntor* (1896), 68 Vt. 219, 35 Atl. 53, 33 L. R. A. 225, 54 Am. St. 882; *Phelps* v. *Nowlen* (1878), 72 N. Y. 39, 28 Am. Rep. 93; *Docter* v. *Riedel, supra; Chambers* v. *Baldwin* (1891), 91 Ky. 121, 15 S. W. 57, 11 L. R. A. 545, 34 Am. St. 165; *Bourlier Bros.* v. *Macauley* (1891), 91 Ky. 135, 15 S. W. 60, 11

L. R. A. 550, 34 Am. St. 171; *Guethler* v. *Altman* (1901), 26 Ind. App. 587, 84 Am. St. 313.

The complaint does not state a cause of action for deceit. The pleading does not show that appellee practiced any deceit against appellant, but that the deceit he is 6. charged with having practiced was against Elizabeth Strickler. Whether Elizabeth Strickler has any cause to complain of appellee's conduct as her attorney is not presented in this case. It is not alleged that appellee made any false or fraudulent representations to Elizabeth Strickler with the intent that appellant should act upon such representations, and that she did act upon 7. them. If a party to an action is injured in his person or property by the deceit or collusion of his attorney, he has a right of action by statute. §984 Burns 1901, §972 R. S. 1881. But the facts pleaded do not make a case under this statute. See Cooley, Torts (2d ed.), 577; *Wells* v. *Cook* (1865), 16 Ohio St. 67, 88 Am. Dec. 436 and note.

Judgment affirmed.